UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE:<br>  ROBIN GRAHAM ANDREWS<br>  115 Munn Lane<br>  Riegelwood, NC 28456<br>  SSN:  xxx-xx-6323<br><br>        Debtor(s). | Case No. 08-00151-8-JRL<br>Chapter 13 |

**ROUNDUP FUNDING, LLC'S  AND B-REAL, LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO DEBTOR'S OBJECTION TO CLAIMS NUMBER FIVE (5) AND SEVEN (7)**

Comes now Roundup Funding, LLC (hereinafter "Roundup"), assignee to National Credit Adjusters (hereinafter "NCA") for a debt owed to HSBC and B-Real, LLC (hereinafter "B-Real"), assignee to NCO for a debt owed to Debt One, by and through its attorney of record, John C. Bircher III, opposes Debtor's Objection to Claims Number Five (5) and Seven (7) and submits the following in support of its opposition.

**INTRODUCTION**

The Debtor's Brief in Support of Debtor's Objections to Claims of B-Real, LLC and Roundup Funding, LLC (hereinafter "Debtor's Brief") is confusing.  Your undersigned, while not in attendance at the hearing on this matter, has reviewed the recording, and Debtor's counsel seemed to suggest that she was no longer pursuing 9011 sanctions against B-Real, LLC or Roundup Funding, LLC.  Out of an abundance of caution, and for the purpose of establishing a record, this brief will respond as if the sanctions issue was not withdrawn since the initial pleadings filed by the Debtor included said request of the Court.  Furthermore, Debtor's counsel

is still seeking attorneys' fees despite withdrawing her motion for sanctions under Rule 9011, and therefore it is appropriate for this brief to address the issues surrounding Rule 9011 when discussing claims filing.

First, the Debtor's objection to claim requests sanctions under Rule 9011 based upon a filing of a proof of claim that is disputed or unenforceable under 11 U.S.C. § 502(b)(1) and based upon failure to attach documentation, i.e. violation of Bankruptcy Rule 3001(c).The Debtor did not comply with the strict procedural requirements for requesting sanctions under Bankruptcy Rule 9011.  Debtor failed to provide the twenty-one (21) day safe harbor and tacked the request for sanctions to an objection to claim, which is not allowed under Bankruptcy Rule 9011.

The Debtor's Brief now states  "while Ms. Andrews is not seeking sanctions against B-Real and Roundup under Rule 9011" and that "it is premature to seek sanctions against B-Real and Roundup in the debtor's case."  *See* Debtor's Brief at page 8. However, Debtor's Brief continues to argue that the Court should sanction B-Real and Roundup under Bankruptcy Rule 9011.

The Debtor has no constitutional standing, as the plan has been confirmed at 0%.  There is no discussion in the Debtor's Brief that she denying the objection to claim will result in any injury to the Debtor.

The Debtor now alleges for the first time, that the Fair Debt Collection Practices Act ("FDCPA") applies to proof of claims. Debtor is estopped from raising new legal argument not presented in the original objection to claim.  The fact that various creditors sell its bankruptcy receivables in bulk to Roundup is not improper or illegal, as Debtor suggests.  Since many Chapter 13 plans pay significantly less than 100%, accounts are sold in volume to maximize efficiency.

Debtor's counsel vaguely asserts that a "significant portion of the claims" filed by B-Real and Roundup are time barred. Debtor has not presented any evidence that it researched each case to determine if the debtors scheduled the debt as due and owing, which choice of law applied to the underlying debt, if the statute of limitations was tolled under applicable laws, or when the accrual period began under applicable law. Americans freely move from one state to another, which is why many states, including North Carolina toll the statute of limitations if the debtor leaves the state. Some states, such as North Carolina allow a debt to be revived upon written acknowledgement by the debtor. Debtor may omit creditors from their petition to avoid any admission. The issue of statute of limitations is fact intensive. Furthermore, although B-Real and Roundup offered to withdraw the claims in this matter, there is no concession by either entity that the applicable statute of limitation has run on these particular debts. Therefore, counsel at the hearing was mistaken in his belief that these creditors concede the claims are time-barred.

The Debtor's counsel has a duty to object to claims under 11 U.S.C. § 502(b)(1) if she believes that a valid affirmative defense applies to the claim. The burden of objecting to a claim based upon the statute of limitations is on the debtor per 11 U.S.C. § 502(b)(1). The Debtor admits that the Bankruptcy Code has created a claims process to provide less scrutiny to promote efficient and economical administration. However, the Debtor requests the Court legislate to change the Bankruptcy Code and Rules for debt buyers.

## FACTS AND PROCEDURES

On January 9, 2008, Debtor filed a voluntary petition with the Court but omitted the Schedules and Statement of Financial Affairs. The Debtor certified in her petition that "National

Credit Adjuster" at the address of "327 West Forth Avenue, Hutchinson, KS 67501" is a

"creditor scheduled in the petition" to be included in the bankruptcy case.  A true and correct

copy of the voluntary petition is attached as Exhibit "A".

   Based upon the Debtor's certification of creditors, on January 10, 2008, the Court served

NCA notice of the bankruptcy case and proof of claim form with instructions on how to file the

claim in the bankruptcy case.  Nowhere in the proof of claim form or instructions is there

notification that failure to attach documentation or assignment is grounds for sanctions.  The

instructions for the proof of claim form allow for attachment of a summary.  A true and correct

copy of the Court's January 10, 2008 BNC is attached as Exhibit "B".

   Upon receipt of the Court's bankruptcy notice and instructions on filing a proof of claim,

NCA sold the HSBC account to Roundup on or about January 29, 2008 with the information that

Robin Andrews with SSN XXX-XX-6323 (number redacted here for privacy reasons) opened a

HSBC credit card account with the account number xxxxxxxxxxxx2062 (number redacted here

for privacy reasons) on 09/02/2002 and charged off on 04/30/2003 with a prepetition balance due

of $1,405.11.  Based upon NCA's representations, Roundup filed a proof of claim with the

account information from NCA.

   Upon notice of the bankruptcy case and instructions on filing a proof of claim, NCO sold

the Debt One account to B-Real on or about January 29, 2008 with the information that Robin

Andrews with SSN XXX-XX-6323 (number redacted here for privacy reasons) opened the

account with the account number xxxx2699 (number redacted her for privacy reasons) on

11/19/1997 and charged off on 6/28/1999 with a prepetition balance due of $3,287.92.  Based

upon NCO's representations, B-Real filed a proof of claim with the account information from

NCO.

On January 30, 2008, Debtor filed her schedules and statement of financial affairs and amended those schedules and statement of financial affairs on February 13, 2008.  Neither the Court nor the Debtor ever served creditors copy of the voluntary petition, schedules, or statement of financial affairs on any creditors.  *See* bankruptcy docket.  NCA simply received Court's BNC of the bankruptcy filing and claim for with instructions to file a claim in the bankruptcy case.  NCA never received notice that the debt was disputed at any time.  The Debtor represented that NCA is a creditor in the bankruptcy case per the creditor's matrix certification. The Court and NCA acted upon the Debtor's representation.

Almost a month after NCA received notice to file a proof of claim in the bankruptcy case from the Court, the Debtor filed her schedule F and listed a disputed debt to "National Credit Adj./Interntl Fin SE," in the unsecured amount of $1,291.00 for "Creditor/debt unknown to debtor." Debtor omits the account number for this debt and many others while disputing nearly half of all debts listed on the Schedule F. A true and correct copy of the Schedule F is attached as Exhibit "C."  The Debtor never served copies of the Schedule F upon any creditor.  There was no notice sent to Roundup that the debt was ever disputed, but the Debtor insists that Roundup should be sanctioned.  Granting such sanctions is a violation of Roundup's due process, since Bankruptcy Rule 9011 grants due process through notice and twenty-one (21) day safe harbor.

Under criminal and civil penalties of 18 U.S.C. §§152 and 3571, Roundup timely filed proof of claim number seven (7) on March 10, 2008 in the general unsecured amount of $1,405.11 for an unsecured HSBC credit card debt under account number xxxxxxxxxxxx2062.

The Debtor objected to the two claims alleging that both debts are barred by the statute of limitations and both creditors should be sanctioned under Rule 9011 for failing to attach documentation and for filing claims that are unenforceable.

# LEGAL DISCUSSION

I.     **The Sole Remedy for Failure to Attach Documentation Under Bankruptcy Rule 3001 is Loss of Prima Facie Validity and Not Sanctions.**

Without waiving Roundup and B-Real's objections to Debtor raising new arguments not presented in the original objections to claims, the failure to attach documentation is not a basis for claim disallowance under 11 U.S.C. § 502(b) and cannot be a Bankruptcy Rule 9011 violation. Both claims filed in this case complied with Bankruptcy Rule 3001, as the forms set forth Roundup's and B-Real's claim in a clear written statement that substantially conforms with Official Form 10. The claim facially indicated the circumstance by which the claim was acquired. Even assuming that the claim does not comply with Bankrutpcy Rule 3001, the claim simply lacks prima facie validity.

Specifically, the bankrutpcy courts in the Fourth Circuit have held that lack of documentation and lack of assignments is not a basis for claim disallowance. *See In re Herron*, 381 B.R. 184, 190 (Bankr. Md. 2008) (holding the Bankruptcy Code governs the allowability of claims, the Bankruptcy Rules dictate the manner and timing of the filing of claims and objections thereto; *In re Simms*, 2007 WL 4468682 * 2 (Bankr. N.D. Va. 2007), (holding under 11 U.S.C. § 501, a creditor may file a proof of claim in a bankruptcy case, and the debtor has the burden to object to the claim under 11 U.S.C. § 502(b)(1)-(9)); *See In re Harford Sands Inc*., 372 F.3d 637, 640 (4th Cir. 2004) (holding only 11 U.S.C. § 502(b) provides the nine grounds on which to disallow a proof of claim). *In re Simms* also discuss that Bankruptcy Rule 3001(e)(1) does not require a claimant to attach a copy of the assignment if the transfer occurred prior to a proof of claim filing unlike Bankruptcy Rule 3001(e)(2), which requires such evidence when the transfer occurs after a claim filing. *See In re Simms* *4 (Since Bankruptcy Rule 3001(e)(1) simply does

not require evidence of assignment, this court will "not impose any additional requirement on a claim transferee that does not appear in the Rules of Bankruptcy Procedure or the statute itself.") *Id.*

      If a majority of courts agree that failure to attach documentation is not a basis for claim disallowance[1], how can it be a basis to award sanctions under Bankrutpcy Rule 9011?   The

---

[1] Second Circuit

      The Northern District Bankruptcy Court of New York held that (1) proofs of claim filed by creditor to which debtors' credit card debts had been assigned were not prima facie valid, given that account summaries attached to proofs of claim did not include breakdown of interest and late fees; but (2) proofs were some evidence of creditor's claims and, in absence of any evidence to contradict amounts of claims, would not be disallowed based solely on this procedural deficiency in Bankruptcy Rule 3001.  *In re Irons*, 343 B.R. 32, 39 (Bankr. N.D. NY 2006).

      The Connecticut Bankruptcy Court held that a Bankruptcy Rule 3001(f) presumption is not the only way for a claimant to establish at least a prima facie claim against the estate.  A proof of claim when considered together with the relevant admission in the Schedules establishes at prima facie case of the debtor's liability on the claim and shifts the burden of production upon the debtor. *In re Jorczak*, 314 B.R. 474, 477 (Bankr. D. Conn. 2004).

Third Circuit

      The Eastern District Bankruptcy Court of Pennsylvania explicitly agreed with the analysis of the majority of courts overruling objections to claims that do not attack liability for the claim or the amount of the underlying debt, but instead are based solely on the argument that the claims should be disallowed because they do not attach the documentation required by Federal R. Bankr. P. 3001(c). *See In re Lapsansky*, 2006 WL 3859243 *2 (Bankr. E.D. Pa. 2006); *see also In re Kincaid*, --- B.R. ----, 2008 WL 2278895 *2 (Bkrtcy.E.D.Pa.) (holding "[t]he law is well settled that failure to attach supporting documentation as required by a rule of procedure is not grounds for disallowance of a claim as § 502(b) supplies the exclusive basis for claim disallowance.")

Sixth Circuit

      The Bankruptcy Court in the Southern District of Ohio agreed that Bankruptcy Rule 3001 cannot overrule the plain meaning of the 11 U.S.C. § 502.  *See In re Burkett*, 329 B.R. 820, 824 (Bankr. S.D. Ohio 2005).  Full conformance with Official Form 10 has never been required for allowance of a claim but failure to comply with the Rule 3001 only affects the presumption of validity.  *Id* at 824.  Thus, the bankruptcy court overruled all of the trustee's objections to claims based solely on lack of documentation.

      The Bankruptcy Court in the Western District of Michigan held that the trustee could not have the creditor's claim judicially invalidated by entry of order, based solely on trustee's belief that claimant had not filled out official claim form correctly. *In re Shaffner*, 320 B.R. 870 (Bankr. W.D. Mich. 2005).  The

court "agree[s] with those courts that have held that a claim may be disallowed only for one of the reasons set forth in 11 U.S.C. § 502(b)." *Id* at 876.

The Eastern District of Tennessee Bankruptcy Court overruled objections to claims that fail to dispute either the liability or the claim amount despite the fact that the claims were filed without sufficient documentation under Bankruptcy Rule 3001(c). *In re Kemmer*, 315 B.R. 706, 716 (Bankr. E.D. Tenn. 2004). The court held:

> The failure to attach a monthly account statement or a similar computer-generated account summary, evidencing the required account information, will result in the loss of the creditor's prima facie presumption of validity. This does not, however, automatically result in disallowance based upon a groundless objection.

*Id*. The court went on to declare that disallowing claims based solely on lack of documentation results in a windfall to debtors, requiring the court to find that Bankruptcy Rule 3001(c) interposes a non-statutory ground by which it may disallow claims. *Id* at 717.

<u>Seventh Circuit</u>

The Northern District Bankruptcy Court for Illinois agrees with the growing majority concerning the simple legal principal that Federal R. Bankr. P. 3001 does not supersede the Bankruptcy Code under 11 U.S.C. §502. *In re Guidry*, 321 B.R. 712, 719 (Bankr. N.D. Ill 2005) (since the debtors setting forth no grounds in their objections that would require the claims to be disallowed--indeed, with the debtors largely admitting in their schedules that the claims are valid--any amendment of the proofs of claim would be a meaningless and wasteful exercise). *Id*. The bankruptcy court also discussed the evidentiary impact of Bankruptcy Rule 3001(c):

> The difficulty with this reasoning is that evidence of any kind – prima facie or otherwise – is a concern only a hearing to resolve factual disputes. *See* Fed.R.Evid. 401(defining "relevant evidence" as that tending to make more or less probably "the existence of any fact that is of consequence to the determination of the action"). The debtors' claim objections raised no factual dispute requiring a hearing. If eCast's proofs of claim are analogized to complaints – as commonly done – then the debtors' objections are like motions to dismiss for failure to state a claim on which relief can be granted. The debtors do not deny any of the factual allegations of the proofs of claim.

*Id* at 714. All the objections that fail to raise any substantive dispute were overruled.

The Bankruptcy Court in the Eastern District of Wisconsin came to the same conclusion that even if a proof of claim is not granted prima facie status, objection to claim must present some evidence sufficient to overcome, or at least, equalize, the evidentiary weight of the proof of claim. *In re Habiballa*, 337 B.R. 911, 915 (Bankr. E.D. Wis. 2006).

The Bankruptcy Court for the Southern District of Indiana agreed with the early decisions of *In re Cluff* and *In re Kemmer* to the extent that noncompliance with Bankruptcy Rule 3001 does not necessarily mean that the claim must be amended to include the missing documentation to be allowed. *In re Relford*, 323 B.R. 669 (Bankr. S.D. Ind. 2004). A court should determine whether the preponderance of the evidence supports allowance of the claim as filed. *In re Relford* at 677. If the schedules are consistent with the amount set forth in the deficient claim and do not indicate that the debt is disputed, unliquidated,

or contingent, the creditor may ask a court to take judicial notice of the schedules as additional evidence of the claim. *Id.*

Eighth Circuit

    The Eighth Circuit B.A.P. was one of the first courts to discuss in-length the relationship between 11 U.S.C. §§501-502 and Bankruptcy Rule 3001(c), in the case of *In re Dove Nation*, 318 B.R. 147 (Eighth Cir. B.A.P. 2004).  The 8th Circuit B.A.P. concluded that:

> Section 502 of the Bankruptcy Code governs the allowance and disallowance of claims filed
> against bankruptcy estates.  Neither procedural rules nor instructional language on official forms
> overrides clear statutory language.  Therefore, the court properly overruled the Debtor's objections
> to claims based solely on grounds not recognized by Section 502 of the Code.  Accordingly, we
> AFFIRM the bankruptcy court order overruling the Debtor's objections to the Claimant's claims.

*In re Dove-Nation*, 318 B.R. 147, 153 (8th Cir. BAP 2004).  The rules are designed to supplement the statute, not replace it.  When the objecting party does not come forward with any evidence countering existence or amount of these debts but objects solely on basis of lack of supporting documentation, the claim cannot be disallowed solely on that basis.  *Id* at 152.

Ninth Circuit

    The Ninth Circuit B.A.P. also published a decision in the case of *In re Heath* 331 B.R. 424 (9th Circuit B.A.P. 2005), holding that courts are bound by the plain meaning of the Bankruptcy Code, and that noncompliance with Bankruptcy Rule 3001(c) is not one of the statutory grounds for disallowance.  Thereafter, the Ninth Circuit B.A.P. published another opinion, *In re Campbell*, 336 B.R. 430 (9th Cir. B.A.P. 2005), holding that (a) a proof of claim filed without sufficient documentation does lack prima facie validity: the claim very likely will not survive a bona fide legal or factual objection absent an adequate response by the creditor; (b) a debtor's admission of liability on the bankruptcy schedules also has consequences: the debtor might be able to withdraw that admission, but the legal and evidentiary consequences will depend on the normal rules governing admissions and estoppel; and (c) a claim objection that does not actually contest the debtor's liability or the amount of the debt is not enough to disallow a proof of claim, even if the proof of claim lacks the documentation required by Rule 3001(c).  *In re Campbell* at 435.

Tenth Circuit

    The Tenth Circuit B.A.P. In re Kirkland, 379 B.R. 341 (10th Cir. BAP 2007)  held that a creditor's failure to attach supporting documentation to proof of claim that it filed for sum allegedly owing in connection with debtor's prepetition credit card purchases was not ground for disallowing claim on objection by trustee.  *See Cluff v. eCast Settlement Corp.* (*In re Cluff*), 313 B.R. 323, 331 (Bankr. D. Utah 2004), (*affirmed Cluff v. eCast Settlement*, 2006 WL 282005 at 2 (D. Utah 2006) (holding that 11 U.S.C. §502(b)(1) allows a bankruptcy trustee to use any defense to a claim that would have been available to a debtor under applicable non-bankruptcy law, including lack of consideration, statute of limitations, and others numerated.)); *In re Mazzoni*, 318 B.R. 576, 579 (Bankr. D. Kansas 2004) (creditor's failure to attach credit card documentation on which their claims were based merely deprived claims of their prima facie validity, but did not prevent these proofs of claim, which included creditor's name, account number by which creditor identified debtor and amount of claim on petition date, from satisfying creditors' initial burden of proving existence and amount of claims); *In re Joslin*, 344 B.R. 146, 151 (Bankr. Kans. 2006) (overruling a Chapter 7 Trustee's objection based solely on lack of documentation even though B-Line's

Debtor cites *In re Wingerter*, which is in the minority view that a creditor who fails to attach documentation to a proof of claim is subject to Bankruptcy Rule 9011 sanctions when the debtor does not schedule the debt or schedules the debt as disputed. *Wingerter* has allowed debtors' consels to use gamesmanship in completing the petition.   In Ohio and many other states, debtors counsels have begun routinely omitting creditors or disputing debts in the petitions.   To satisfy due process, if a court sanctions a creditor for not reviewing the debtor's schedule prior to filing a claim, then the court must send copies of the entire petition with notice

---

claim does not have prima facie validity because the Chapter 7 Trustee took no position, nor offered any evidence disputing the information contained in the claim).

Eleventh Circuit

The Southern District of Florida Bankruptcy Court published two opinions concerning claim disallowance under 11 U.S.C. § 502 and Bankruptcy Rule 3001(c).  *In re Moreno*, 2006 WL 1071889 (Bankr. S.D. Fla. 2006) and *In re Felipe*, 319 B.R. 730, 735 (Bankr. S.D. Florida 2005).  In *Moreno*, Chief Judge Robert A. Mark from the Southern District of Florida held that a creditor's failure to attach the signed application or statements supporting the claim is not a basis for claim disallowance.  The court provided further guidance:

> First, if a claim is scheduled by a debtor as undisputed and in an amount equal to or greater than the amount in the proof of claim, little, if any, documentation is necessary. . . . Moreover, this Court joins other courts which have criticized the tactic of filing an objection to an undisputed scheduled claim. . . . The Court's bar to raising objections to claims scheduled as undisputed should not be read as an invitation to schedule credit card debts as disputed in hopes of shifting the burden back to the creditor.

*In re Moreno*, 2006 WL 1071889 at * 5- 6 (internal citations omitted).  In the event that the scheduled amount is less than the proof of claim amount, an objection based solely on lack of documentation will be overruled without prejudice for the debtor to file a renewed objection to the claim amount in excess of scheduled amount.  *Id*.

The Southern District of Florida Bankruptcy Court earlier held: "claims objections should address that portion of a claim actually in dispute" and "it is not appropriate, for example, to seek an Order striking a $1,361.96 claim in its entirety . . . if the debtor has scheduled the claim as undisputed and liquidated in the amount of $1,320.00.  *In re Felipe*, 319 B.R. 730, 735 footnote 3 (Bankr. S.D. Florida 2005).

The Southern District of Florida Bankruptcy Court relied on *In re Shank*, 315 B.R. 799 (Bankr. N.D. Ga. 2004) in interpreting 11 U.S.C. § 502(b).  *In re Shank* predicted that requiring creditors to attach documentation in response to an objection that identifies no grounds for disallowance or reduction of a claim will increase abuse and litigation.  *Supra* at 813.  If there is no substantive objection to the claim, the creditor should not be required to provide further documentation because it serves no purpose.  *Id*.

that if a claim is disputed full documentation must be attached to the proof of claim.  This will

unduly burden the all bankrutpcy courts.

Recent published opinions reflect the pattern of debtors attorneys who schedule every

debt as disputed in their schedule F as a matter of course.  *See in re Chalakee*, 385 B.R. 771, 776

(Bankr. N.D. Okla. 2008) ("The fact that Debtors designated every credit card debt as disputed

raises a question about their motivation in filing these objections"); In re Samson, 2008 WL

2994328 (Bankr. N.D. Ohio 2008) ("To be sure, the Debtors listed their three obligations to

Chase Bank as disputed, contingent and unliquidated. But the Debtors listed all their claims in

this manner, with their attorney explaining that he does this simply as a matter of course for all

debts.").

## II.    If the Bankruptcy Code Permits Filing Claims on Prescribed Debts and Created an Objections to Claims Process, There is No Basis to Award Sanctions or Fees Against Creditors.

The Bankruptcy Code permits filing claims on disputed debts, and the Bankruptcy Code

creates an objection to claim process to disallow such claims only upon a filing of an objection

to claim.  A "creditor" is defined broadly as any "entity that has a claim against the debtor that

arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A).

The Bankruptcy Code, 11 U.S.C. § 101(5), broadly defines "claim" to mean:

> (A) A right to payment, whether or not such right is reduced to judgment,
> liquidated, unliquidated, fixed, contingent, matured, unmatured, ***disputed,***
> undisputed, legal, equitable, secured, or ***unsecured***; or
> (B) right to an equitable remedy for breach of performance if such breach
> gives rise to a right to payment, whether or not such right to an equitable remedy is
> reduced to judgment, fixed, contingent, matured, unmatured,
> ***disputed***, and undisputed, secured, or ***unsecured***.

(Emphasis added ). The legislative history for 11 U.S.C. § 101(5) even states that "the bill

contemplates all legal obligations of the debtor, no matter how remote or contingent, will be able

to be dealt with in the bankruptcy case. It permits the broadest possible relief in the bankruptcy

court." H. Rept. No. 95-595 to accompany H.R. 8200 95th Cong., 1st Sess. (1977) pp. 308-314.

Section 501(a) provides that any "creditor . . . may file a proof of claim." Section 502(a)

simply states that any claim filed under §501 is deemed allowed unless a party in interest objects

under the grounds specified under Section 501 (b)(1)-(9). Therefore, the debtor has the

responsibility of objecting to the claim under subsections (b)(1)-(9) if the debtor does not want

the claim to be paid. Otherwise, the debtor is barred from opposing any distributions to the claim

from the estate.

Section 502(b)(1)-(9) of the Bankruptcy Code provides the exclusive list of

reasons for disallowance of a claim. [2]  One of the enumerated reasons for a valid

objection to claim is that the debt is "**unenforceable against the debtor** and property of the

debtor, under any agreement or applicable law for a reason other than because the claim is

contingent or unmatured." 11 U.S.C. §502(b)(1)11 (emphasis added).

Here, the Bankruptcy Code specifically contemplates a process to allow all creditors to

file claims in the bankruptcy case, including debts that are disputed or prescribed, i.e.

unenforceable. The Bankruptcy Code then creates a process for the debtors and trustees to

---

[2]  *See In re Irons*, 343 B.R. 32, 39 (Bankr. N.D. NY 2006); *In re Jorczak*, 314 B.R. 474, 477
(Bankr. D. Conn. 2004); *In re Lapansky*, 2006 WL 3859243 (Bankr. E.D. Pa. 2006); *In re
Burkett*, 329 B.R. 820 (Bankr. S.D. Ohio 2005); *In re Kemmer*, 315 B.R. 706, 716 (Bankr. E.D.
Tenn. 2004); *In re Habiballa*, 337 B.R. 911 (Bankr. E.D. Wis. 2006); *In re Relford*, 323 B.R.
669 (Bankr. S.D. Ind. 2004); *In re Heath,* 331 B.R. 424 (9th Circuit B.A.P. 2005); *In re
Campbell*, 336 B.R. 430 (9th Cir. B.A.P. 2005); *In re Mazzoni*, 318 B.R. 576, 579 (Bankr. D.
Kansas 2004); *In re Joslin*, 344 B.R. 146, 151 (Bankr. Kans. 2006); *In re Moreno*, 2006 WL
1071889 (Bankr. S.D. Fla. 2006); *In re Felipe*, 319 B.R. 730, 735 (Bankr. S.D. Florida  2005); *In
re Shank*, 315 B.R. 799 (Bankr. N.D. Ga. 2004); *See In re Shaffner*, 320 B.R. 870, 876 (Bankr.
W.D. Mich. 2005); *In re Dove-Nation*, 318 B.R. 147 (Eighth Cir. B.A.P. 2004); *In re Guidry*,
321 B.R.712, 719 (Bankr. N.D. Ill 2005); *Cluff v. eCast Settlement Corp.*, 313 B.R. 323, 331
(Bankr. D. Utah 2004); *In re Kirkland*, 379 B.R. 341 (10th Cir. BAP 2007).

decide whether or not to object to the claim based upon unenforceability of the debt or any type of dispute.  The sole remedy in 11 U.S.C. §502 and Fed. R. Bankr. P. 3007 governing the objections to claims is **_claim disallowance_**. *In re Henry*, 311 B.R. 813, 822 (Bankr. W.D. Wash. 2004).  The Debtor complied with the Bankruptcy Code and Rules by objecting to the claim; however there is no fee shifting provision in the Bankruptcy Code or Rules to allow a debtor sanctions.

Therefore, Roundup, which filed a claim against the Debtor, is a "creditor" in the bankruptcy case, even though the underlying debt is allegedly disputed.  The term "creditor" is not dependent on how the debtor schedules the debt, as there maybe many reasons why a creditor is omitted from the schedules or why the debt is disputed.   The term "creditor" includes claims that are disputed and unenforceable, as long as the claim is not fraudulent.  Debtor's sole remedy under the Bankruptcy Code is to object to the proof of claim under 11 U.S.C. § 502(b)(1) as unenforceable, i.e. disputed, and have the claim disallowed.

The bankruptcy court even sends notices to all creditors to file a claim in a chapter 13 bankruptcy case regardless of whether the debtor scheduled the debt as disputed or not. Moreover, neither the debtors nor the court ever mail a copy of the petition to the bankruptcy court, so a creditor receives no notice of any claim dispute until an objection is filed.

The Official Proof of Claim Form B10 instructs a creditor to file a claim to assert that a debt is owed by either the debtor or the debtor's estate.   Form B10 only prohibits a creditor from filing a fraudulent claim, as the fine for presenting a fraudulent claim is a "up to $500.00 or imprisonment for up to 5 years, or both." 18 U.S.C. §§152 and 3571. Official Proof of Claim Form B10.

The objection to claim requests the Court to turn the Bankruptcy Code claims process upside down by shifting the debtor's burden to review filed claims over to the creditor.[3] According to the Debtor's logic, the creditor must determine in advance whether any possible basis for claim disallowance under 11 U.S.C. § 502(b)(1)-(9) applies to prohibit the creditor from filing a proof of claim.  As explained below, whether a debt is barred by the statute of limitations is fact intensive and not easily determined under applicable state law.

### III.    The Debtor Has No Constitutional Standing to Objection to the Claims; Therefore, the Objections are Moot.

On March 20, 2008, the Minutes of 341 Meeting and Motion for Confirmation of Plan was filed proposing to pay zero percent (0%) to unsecured claimants.  The Order granting the Minutes of 341 Meeting and Motion for Confirmation of Plan was entered on April 15, 2008. Debtor admits she does not have standing to object to the claim because she does not qualify under the "Injury in Fact" standard set forth by *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) or the "Person Aggrieved" standard set forth by *Holmes v. Silver Wings Aviation, Inc.,* 881 F. 2d 939 (10th Cir. 1989).  Debtor is not prejudiced as a result of the filing of Roundup's claim, as Debtor's confirmed Plan  provides for a zero percent (0%) distribution to unsecured claims.  The objection to claim is moot, but for the fact that Debtor's counsel requested sanctions against Roundup under Bankruptcy Rule 9011.  Allowing such objections in 0% plan will open the litigation floodgate.

---

[3] A similar situation arises in connection with a Chapter 13 Plan. It is the responsibility of the debtor to present a Chapter 13 plan for confirmation under 11 U.S.C. §1325, and it is the responsibility of the creditor to object to the plan confirmation if the creditor does not agree with the terms of the plan. However, applying Debtor's logic, the debtor would have an affirmative duty to make sure that the creditor would not object to the terms of the Chapter 13 plan and to make sure that the plan strictly complies with 11 U.S.C. §1325. Otherwise, under Debtor's reasoning, a debtor would be liable to the creditor for fees and costs.

For example, using the same form objection to claim, Debtor's counsel also filed two other objections to claims against Jefferson Capital in this 0% plan case.  Since it will cost Jefferson Capital at least $2,000.00 to defend its claims, Jefferson Capital decided to disallow its claims (which are under $600.00) and pay $1,500.00 to make the matter go away.  Even if the creditor wins by providing documentation to show that the debtor is wrong, the claim will not be paid anything.  Debtor's counsel seeks to double her bankruptcy compensation by objecting to claims in 0% plans.

All the cases the Debtor cites, *In re Chaussee, In re Wingerter, In re Varona*, and *Rogers v. B-Real, LLC* involve chapter 13 cases with payouts above 0%.  At a minimum, those debtors had constitutional standing to file an objection to claim since the outcome of the objections affected the confirmed plan.  Here, the Debtor admits that disallowing the claim does not affect her monetarily.

## IV.    Under the American Rule and Case Law, Plaintiffs' and Their Counsel Are Not Entitled to Any Fees or Sanctions.

Under the American Rule, litigants in bankruptcy proceedings may recover their fees and costs incurred pre-petition that are provided for under a valid contract. *See In re Simms,* 2007 WL 4468682 (Bankr. N.D. W. Va. 2007); *In re Henry*, 311 B.R. 813 (Bankr. W.D. Wash. 2004*); F.D. Rich Co. v. Industrial Lumber Co*., 417 U.S. 116, 129 (1974) (explaining the basis for the American Rule). The exceptions to the American Rule exist, whereby the loser in civil litigation may be forced to pay the winner's attorney's fees.  *In re Simms*  at *4.   Common exceptions include contractual provisions allowing the shifting of fees, statutory provisions allowing for the shifting of fees (such as those in the FDCPA), and awarding of fees to compensate one party for the other's bad faith or vexatious conduct. *E.g.,* Fed.R.Civ.P. 11, Fed. R. Bankr.P. 9011

(sanctions for inappropriate representations to the court); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-51 (1991) (recognizing the bad faith exception to the American Rule).  Under 11 U.S.C. §105(a), the Court may award fees through its equitable power necessary or appropriate to fulfill a specific Code provision.  *See In re Henry* at 11 (citing *In re Saxman*, 325 F.3d 1168 and *Northwest Bank Worthington v. Ahlers*, 485 U.S. 197).

In this case, the Debtor has not presented any factual or legal basis in the Bankruptcy Code and Rules to depart from the American Rule.  There is no evidence of a contract giving Debtor's counsel the right to legal fees or sanctions.  Debtor's counsel has not alleged any contract as a basis for such a demand.

Furthermore, Debtor has failed to allege any provision in the Bankruptcy Code warranting the award of attorney's fees, has failed to file a separate motion requesting such relief pursuant to Bankruptcy Rule 9011, and did not even provide the twenty-one (21) day notice before requesting sanctions.  Bankruptcy Rule 9011 requires:

> A motion for sanctions under this rule **shall be made separately from other motions** or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in  Rule 7004. **The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected**, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

Pursuant to Bankruptcy Rule 9011, a request for attorney's fees as a sanction must be made separately from other motions or requests and shall describe the specific conduct warranting sanctions.  Rule 9011 also requires the motion for sanctions not be filed until after the twenty-one (21) day from the service of the motion for sanctions to give the party a safe harbor.

Plaintiffs' counsel never contacted Defendant or counsel prior to filing, and never served the prerequisite motion for sanctions concerning the claim.  Roundup and B-Real are now forced to spend thousands of dollars defending itself against a frivolous adversary proceeding over claims that will be paid $0.00.   This form of harassment is a waste of judicial resources.  The judicial system will spend more than $0.00 in reviewing the pleadings when a simple letter from the Debtor's counsel could have quickly resolved the matter.   Therefore, Creditor could argue that Debtor is in violation of Bankruptcy Rule 9011 itself and is subject to sanctions for continuing to litigate this matter.

### V.    The Bankruptcy Code and Rules Preclude the FDCPA From the Bankruptcy Claims Process.

Many courts have rejected the FDCPA and sanction remedies against creditors in a claim dispute, as the only remedy is claim disallowance under the Bankruptcy Code and Rules.

In the case of *In re Varona*, ___B.R.___, 2008 WL 2150109, *15 (Bankr. E.D.Va. 2008), the court held:

> Here, no issue exists as to the direct application of the FDCPA to provide a basis for recovery by the Varonas. This is because there is no assertion by them of a claim pursuant to the FDCPA. Rather, the Varonas argue the Court should analogize the instant matter to the interpretations of the FDCPA that have concluded an attempt to collect a time-barred debt is violative of the FDCPA. The divergent purpose of the FDCPA, however, convinces the Court that the application of decisions such as *Kimber* to the instant matter is inappropriate.

The Debtor cites *In re Rogers* to support the position that the FDCPA should apply to every creditor who files a proof of claim.  Since the FDCPA provides for statutory damages and attorney's fees, debtors' attorneys nationwide have filed adversaries based upon the FDCPA for any type of claim dispute instead of a simple objection to claim requesting claim disallowance.

Recently, two bankruptcy decisions have rejected *In re Rogers* holding.  In the case of *In re Williams*, unpublished 08-AP-00030 (Bankr. M.D. Fla. 2008), the Court held:

> However, the facts of this case can be distinguished from cases involving the applicability of the FDCPA to violations of the automatic stay and dischargeability issues.  In the cases of *Turner, Hyman, Randolph*, the collection agencies sent letters that violated both the Bankruptcy Code and the FDCPA. Here Asset did not engage in any wrongful conduct by filing a proof of claim.  To hold otherwise would undermine the rights of creditors in the bankruptcy process. The creditor's right to file a claim is not impacted by whether the statute of limitations had run, as the debtor must raise the statute of limitations as an affirmative defense, and even then the court still must determine whether it had tolled and run.  The debtor does not need the FDCPA to protect itself from improper claims, as the Bankruptcy Code allows the debtor to file an objection.

A true and correct copy of *In re Williams* is attached as Exhibit "D".   *In re Pariseau*, unpublished 08-AP-00142 (Bankr. M.D. Fla. 2008) criticized *In re Rogers* for its poor analysis:

> *In re Rogers* (citation omitted) relied upon the decision issued in *Randolph* in denying a motion to dismiss as to the FDCPA claims upon the basis that it was not possible to conclude that the debtors could not prove facts entitling them to relief under the FDCPA.  As stated above, *Randolph* is distinguishable from the instant proceeding and accordingly the Court respectfully disagrees with the Rogers court's reliance upon *Randolph* in reaching its holding.

A true and correct copy of *In re Pariseau* is attached as Exhibit "E".

Other courts agree the FDCPA did not apply to a creditor who files a proof of claim in a bankruptcy case.  *In re Middlebrook*, --- B.R. ----, 2008 WL 2705496 (D. Minn.) (holding once debtor in bankruptcy, challenges to proofs of claim limited to those provided in Bankruptcy Code and the FDCPA provides no remedy to Middlebrooks for ICC's allegedly wrongful proof of claim); *In re Lasky*, --- B.R. ----, 2007 WL 777763 (Bkrtcy.C.D.Cal.)(holding the reasoning of *Kokoszka v. Belford*, 417 U.S. 642 (1974) impel a finding that an FDCPA claim may not be premised on proofs of claim filed as part of a bankruptcy proceeding); *In re Henry*, 311 B.R. 813, 822 (Bankr. W.D. Wash. 2004); *In re Rice-Etherly,* 336 B.R. 308 (Bankr. E.D. Mich 2006);

*Gray-Mapp v. Sherman*, 100 F. Supp. 2d 810 (N.D. Ill. 1999); *In re Abramson*, 313 B.R. 195 (Bankr. W.D. Pa. 2004*).*

In the case of *In re Gilliand*, 386 B.R. 622 (Bankr. N.D. Miss. 2008), the court dismissed debtor's FDCPA action against a creditor who filed a proof of claim on a debt that was previously discharged:

> The defendant's motion to dismiss for failure to state a claim was granted by the court. The court stated that "once the debtor is in bankruptcy court, the debtor's remedies are limited to those provided in the Bankruptcy Code." *Id.* at 814. "Nothing in either the Bankruptcy Code or the FDCPA suggests that the debtor should be permitted to bypass the procedural safeguards in the Code in favor of asserting*\*624* potentially more lucrative claims under the FDCPA. And nothing in the FDCPA suggests that it is intended as an overlay to the protections already in place in the bankruptcy proceedings." *Id. See also, Shortsleeve v. Centurytel of Ala., LLC (In re Shortsleeve),* 349 B.R. 297 (Bankr.M.D.Ala.2006); *Mogg v. Consumer Collection Mgmt., Inc. (In re Mogg),* No. 05-34066, 2007 WL 2608501, *3, 2007 Bankr. LEXIS 3085, at *8 (Bankr.S.D.Ill. Sept.5, 2007); *Csonder v. Weinstein, Treiger & Riley, P.S. (In re Csonder),* 309 B.R. 124, 129-30 (Bankr.E.D.Pa.2004); *Vogt v. Dynamic Recovery Servs. (In re Vogt),* 257 B.R. 65, 68 (Bankr. D. Colo. 2000); *Mogg v. Midwest Collection Servs. (In re Mogg),* No. 07-3076, 2007 WL 2608501, at *3 (Bankr.S.D.Ill., Sept.5, 2007); *Buckingham v. Baptist Mem.'l Hospital-Golden Triangle,* 283 B.R. 691 (N.D.Miss.2002); and *In re Goldstein,* 201 B.R. 1, 4-5 (Bankr.D.Me.1996).

*Id* at 624. If a creditor who files a proof of claim on a previously discharged debt is not subject to the FDCPA, a creditor who files a proof of claim on a debt that is allegedly barred by the statute of limitations cannot be subject to the FDCPA.  The statute of limitations is fact intensive since the Debtor cannot presume that the state in which the Debtor filed bankruptcy is the governing law.

**VI.**     **The Statute of Limitations is an Issue of Fact; the Sole Remedy Under North Carolina Law is Dismissal of the Claim Without Any Award of Fees.**

Pursuant to N.C.G.S. § 1-52(1), the running of the statute of limitations merely bars

enforcement collection, it does not extinguish the debt.  Since the debt was not extinguished,

Roundup has in good faith complied with the claims filing system of 11 U.S.C. §§ 101(5), 501,

502 and Bankruptcy Rule 3001.

It is undisputed by both parties the statute of limitations defense is an affirmative defense

with the Debtor having the burden to present such a defense.  Objection that an action was not

commenced within time limited can only be taken by answer, and unless statute of limitations is

annexed to cause of action itself, bar of limitation must be affirmatively pleaded in order to be

available as defense. *Overton v. Overton,* 1963, 129 S.E.2d 593, 259 N.C. 31.

The question of whether a cause of action is barred by the statute of limitations is a mixed

question of law and fact. *Pharmaresearch Corp. v. Mash,* 2004, 163 N.C.App. 419, 594 S.E.2d

148, review denied 358 N.C. 733, 601 S.E.2d 858, review dismissed 358 N.C. 733, 601 S.E.2d

858.   The Court needs to decide which governing law to apply, which statute of limitations to

apply, when the period began to run, if the statute of limitations is tolled at any point, and if the

debt is acknowledged.  The Court cannot merely assume that North Carolina law applies to all

debts when a Debtor files bankruptcy in North Carolina.  The underlying agreement may have a

choice of law provision; the Debtor may have moved from a different state, the debt may have

incurred in another state.

From February 1993 until February 2004, Debtor either used the address or resided at

"824 S. 19th Street, Newark, NJ 07108-1110".  A true and correct copy of Westlaw skip tracing

result for Debtor is attached as Exhibit "E".  The skip tracing is an example of how difficult it is to determine which state's statute of limitation to apply for a debt since debtors move and the underlying contract may have a choice of law clause.  Under N.C.G.S.A. § 1-21, the statute of limitations is tolled during the time the debtor is outside of the state of North Carolina.  Also, the statute of limitations for New Jersey is six (6) years per New Jersey Statute § 2A:14-1, which means that the account opened in 09/02/2002 cannot be barred by the statute of limitations. The Debtor cannot assume that just because she is currently residing in North Carolina that North Carolina law applies to the debt.

Many states, such as North Carolina, allow a debt to be revived by written acknowledgement by the debtor.  If a debtor schedules the debt as due and owing for a specific amount under penalty of perjury, NCGSA §1-27 removes the bar of the statute of limitations and the statute begins to run anew.  Since a creditor is not served with a copy of the schedule F, the creditor doesn't know if the debt is acknowledged to exempt the debt from the statute of limitations.

Since North Carolina law puts the legal burden on the debtor to raise the statute of limitations as an affirmative defense and since the statute of limitations is an issue of fact and law for the Court to decide, the filing of a claim allegedly barred by the statute of limitations is not sanctionable.  Even though B-Real and Roundup believe that North Carolina law may not apply, both creditors agree to have the claims disallowed to avoid protracted litigation over claims worth $0.00.

WHEREFORE, the above premises considered, Roundup and B-Real respectfully requests that:

1.    Roundup and B-Real be allowed to withdraw their claims or in the alternative enter an order disallowing the claims;

2.      Debtor's request for attorney's fees and "show cause" order be denied;

3.      Hold that the FDCPA does not apply to a proof of claim filing;

3.      Other and further relief to which it may be entitled.


This the 22nd day of August, 2008


                             Respectfully submitted,

                             /s/John C. Bircher III
                             John C. Bircher III
                             607 Broad Street
                             PO Box 1555
                             New Bern NC 28560
                             252.638.3882
                             252.638.3326 fax

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE:<br>**ROBIN GRAHAM ANDREWS**<br>**115 Mum Lane**<br>**Riegelwood, NC 28456**<br>**SSN:  xxx-xx-6323**<br><br><br>        Debtor(s). | **CASE NO:  08-00151-8-JRL**<br><br>**Chapter 13** |

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on the below date, the undersigned served a copy of ROUNDUP FUNDING, LLC'S  AND B-REAL, LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM NUMBERS FIVE (5) AND SEVEN (7) by depositing the same, enclosed in a postpaid wrapper, properly addressed to the following parties in interest, at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

Maria D. McIntyre, Esq.
Debtor's Attorney
P.O. Box 390
Wilmington, NC 28408
maria@financialprotectionlawcenter.org

Robert R. Browning
Chapter 13 Trustee
P.O. Box 8248
Greenville, NC 27835

Robin Graham Andrews
115 Munn Lane
Riegelwood, NC 28456

**THIS** the  _22_  day of August, 2008.

                              /s/John C. Bircher III
                              John C. Bircher III

B1 (Official Form 1) (12/07)

| United States Bankruptcy Court<br>Eastern District of North Carolina | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Andrews, Robin Graham** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**fka Robin Graham Hall** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): **6323** | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**115 Munn Lane**<br>**Riegelwood, NC**<br>ZIPCODE **28456** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>ZIPCODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11<br>U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7      ☐ Chapter 15 Petition for<br>☐ Chapter 9          Recognition of a Foreign<br>☐ Chapter 11        Main Proceeding<br>☐ Chapter 12     ☐ Chapter 15 Petition for<br>☑ Chapter 13        Recognition of a Foreign<br>                        Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under<br>Title 26 of the United States Code (the<br>Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☑ Debts are primarily consumer    ☐ Debts are primarily<br>debts, defined in 11 U.S.C.          business debts<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001<br>to $50 million | $50,000,001 to<br>$100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001<br>to $50 million | $50,000,001 to<br>$100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

EXHIBIT A

B1 (Official Form 1) (12/07)                                                                                                                          Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Andrews, Robin Graham** |

### Prior Bankruptcy Case Filed Within Last 8 Years (If more than one, attach additional sheet)

| Location Where Filed:**None** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code<br><br>X _Maur DMc Hyul_    _1-9-08_<br>Signature of Attorney for Debtor(s)    Date |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Statement by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord or lessor that obtained judgment)

_____
(Address of landlord or lessor)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1 (Official Form 1) (12/07)            Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Andrews, Robin Graham** |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U S C § 342(b).<br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition<br>(Check only one box )<br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U S C § 1515 are attached.<br>☐ Pursuant to 11 U S C § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached |
| X *(signature)*    **Robin Andrews**<br>Signature of Debtor<br><br>X<br>Signature of Joint Debtor<br><br>Telephone Number (If not represented by attorney)<br>*01-09-08*<br>Date | X<br>Signature of Foreign Representative<br><br>Printed Name of Foreign Representative<br><br>Date |

| Signature of Attorney* | Signature of Non-Attorney Petition Preparer |
|---|---|
| X *(signature)*<br>Signature of Attorney for Debtor(s)<br>**Maria D. McIntyre 24407**<br>Printed Name of Attorney for Debtor(s)<br>**Financial Protection Law Center**<br>Firm Name<br>**PO Box 390**<br>Address<br>**Wilmington, NC  28402**<br><br>*910-442-1010, Ext. 2013*<br>Telephone Number<br>*1-9-08*<br>Date<br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect | I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U S C § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U S C §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U S C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section Official Form 19 is attached.<br><br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer ) (Required by 11 U S C § 110 )<br><br>Address |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X<br>Signature of Authorized Individual<br><br>Printed Name of Authorized Individual<br><br>Title of Authorized Individual<br><br>Date | X<br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above<br><br>Date<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U S C § 110; 18 U S C § 156* |

© 1993-2007 EZ-Filing, Inc. 1-800-998-2424 - Forms Software Only

Official Form 1, Exhibit D (10/06)

**United States Bankruptcy Court**
**Eastern District of North Carolina**

IN RE:                                                          Case No. _____

Andrews, Robin Graham                                          Chapter **13** _____
                    Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors collection activities.**

*Every individual debtor must file this Exhibit D  If a joint petition is filed, each spouse must complete and file a separate Exhibit D  Check one of the five statements below and attach any documents as directed*

[X] 1. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency*

[ ] 2. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

[ ] 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here ]*

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

[ ] 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    [ ] Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    [ ] Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    [ ] Active military duty in a military combat zone.

[ ] 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor: _____

Date: 01-09-08

*© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only*

# Hummingbird Credit Counseling and Education, Inc.

## CREDIT COUNSELING CERTIFICATION

Certificate Number: 82975-B92417L-06

### Robin Andrews

I CERTIFY that on January 8, 2008, at 11:20 AM EST, Robin Andrews received from Hummingbird Credit Counseling and Education, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in North Carolina, Eastern District, an individual briefing (including a briefing conducted by telephone or on the Internet) that complied with the provisions of 11 U.S.C. §§ 109(h) and 111. A debt repayment plan was not prepared.

Date: _____ January 8, 2008

By: _____ Victoria S. Wright, Esq.

Title: _____ Executive Director of Education

*Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. See 11 U.S.C. §§ 109(h) and 521(b).

## UNITED STATES BANKRUPTCY COURT

### NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
### OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

**1. Services Available from Credit Counseling Agencies**

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

**2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them,

using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

Printed Name and title, if any, of Bankruptcy Petition Preparer
Address:

_____

_____

**X** _____
Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or partner whose Social Security number is provided above.

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

Andrews, Robin Graham
Printed Name(s) of Debtor(s)

**X** Robin Andrews    01-09-08
Signature of Debtor            Date

Case No. (if known) _____

**X** _____
Signature of Joint Debtor (if any)        Date

**United States Bankruptcy Court**
**Eastern District of North Carolina**

IN RE:                                                                    Case No. _____

Andrews, Robin Graham                                                     Chapter **13** _____
_____
Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept                                              $ _____ 0 _____

   Prior to the filing of this statement I have received                                     $ _____ 0 _____

   Balance Due                                                                               $ _____ 0 _____

2    The source of the compensation paid to me was:  ☐ Debtor  ☑ Other (specify): **No compensation paid to me**

3    The source of the compensation to be paid to me is:  ☐ Debtor  ☑ Other (specify): **No compensation paid to me**

4    ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached

5    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.    Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.    ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
     e.    [Other provisions as needed]

6    By agreement with the debtor(s), the above disclosed fee does not include the following services:
     **Representation of the debtor in any adversary proceeding and other contested bankruptcy matters**

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding

_1/9/08_____                          _Maria D. McIntyre_____
Date                                                       Signature of Attorney

**Financial Protection Law Center**_____
Name of Law Firm

© 1993-2007 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

**United States Bankruptcy Court**
**Eastern District of North Carolina**

IN RE:

Case No. _____

Andrews, Robin Graham

Chapter **13** _____

Debtor(s)

### CERTIFICATION OF MAILING MATRIX REQUIRED BY E.D.N.C. LBR 1007-2

I hereby certify under penalty of perjury that the attached list of creditors which has been prepared in the format required by the clerk is true and accurate to the best of my knowledge and includes all creditors scheduled in the petition.

Date: _1/9/08_

_____
Attorney for Debtor

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Adam M. Gottsegen, Esq.
SMITH DEBNAM
Post Office Box 26268
Raleigh, NC 27611-6268

Columbus County Tax Office
ATTN: Managing Officer/Agent
Post Office Box 1468
Whiteville, NC 28472-1468

North Carolina Department of Revenue
Office Services Division, Bankrupt. Unit
Post Office Box 1168
Raleigh, NC 27602-1168

Alltel
ATTN: Managing Officer/Agent
One Allied Drive, Bldg. 4, 5th Floor
Little Rock, AR 72202-2099

First Premier Bank
ATTN: Managing Officer/Agent
Post Office Box 5519
Sioux Falls, ND 57117-5519

North State Acceptance
ATTN: Managing Officer/Agent
3501 Market Street
Wilmington, NC 28403

American Collection Systems
ATTN: Manging Officer/Agent
2500 Corporate Exchange Drive, Suite 150
Columbus, OH 43231

FSNB
ATTN: Managing Officer/Agent
5226 Sigmon Road
Wilmington, NC 28403

Paragon Way, Inc
ATTN: Managing Officer/Agent
Post Office Box 42829
Austin, TX 78704-0048

Bank of America
ATTN: FLI-300-02-07
Post Office Box 25118
Tampa, FL 33633-0900

FSNB Main Bank
ATTN: Managing Officer/Agent
Post Office Box 33009
Ft Sill, OK 73503

Plains Commerce Bank
ATTN: Managing Officer/Agent
Post Office Box 88020
Sioux Falls, SD 57109-8020

Bank of America
ATTN: Managing Officer/Agent
1929 Carolina Beach Road
Wilmington, NC 28401

Internal Revenue Service
ATTN: Insolvency Support Services
320 Federal Place, Room 327
Greensboro, NC 27401

Plaza Associates
ATTN: Managing Officer/Agent
370 Seventh Avenue, Suite 1500
New York, NY 10001

Cardinal Finance Co.
ATTN: Managing Officer/Agent
608 South Madison Street
Whiteville, NC 28472

Jeff Rogers, Esq.
SMITH DEBNAM
Post Office Box 26268
Raleigh, NC 27611-6267

Powell Bail Bonding
ATTN: Managing Officer/Agent
244 Princess Street, Suite 17
Wilmington, NC 28401

Cavalry Portfolio Services, LLC
ATTN: Managing Officer/Agent
7 Skyline Drive
Hawthorne, NY 10532

Mid-Atlantic Finance
ATTN: Managing Officer/Agent
15500 Lightwave Drive, Suite 201
Clearwater, FL 33760

State Employees Credit Union
ATTN: Managing Officer/Agent
3101 Wake Forest Road
Raleigh, NC 27609-7845

Certegy
ATTN: Managing Officer/Agent
100 Second Ave. South, Suite 1100S
St. Petersburg, FL 33701

Midland Credit Management
ATTN: Managing Officer/Agent
5775 Roscoe Court
San Diego, CA 92123-1356

State of NC c/o Columbus County
Clerkof Superior Court - Criminal Div.
Post Office Box 1587
Whiteville, NC 28472-1587

Certegy
ATTN: Managing Officer/Agent
Post Office Box 30046
Tampa, FL 33630-3046

National Auto Instant Credit
ATTN: Managing Officer/Agent
5832 Market Street
Wilmington, NC 28405

State of NC- Indigent Defense Services
ATTN: Collections
123 West Main Street, Suite 400
Durham, NC 27701

Columbus County
ATTN: Managing Officer/Agent
111 Washington Street
Whiteville, NC 28472

National Credit Adj. / Interntl Fin SE
ATTN: Managing Officer/Agent
327 West 4th Avenue
Hutchinson, KS 67501

State of North Carolina
Division of Community Corrections
2020 Yonkers Road - MSC-4250
Raleigh, NC 27699-4250

Tribute MasterCard / First Bank of DE
ATTN:  Managing Officer/Agent
1000 Rocky Run Parkway
Wilmington, DE  19803


Universal Underwriters ACC
ATTN:  Manging Officer/Agent
7045 College Blvd., 4th Floor Recovery
Overland Park, KS  66211


Vanderbilt Mortgage and Finance, Inc.
ATTN:  Managing Officer/Agent
Post Office Box 9800
Maryville, TN  37802

B9I (Official Form 9I) (Chapter 13 Case) (12/07)                Case Number **08−00151−8−JRL**

## UNITED STATES BANKRUPTCY COURT Eastern District of North Carolina

### Notice of
### Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on 1/9/08.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Robin Graham Andrews
115 Munn Lane
Riegelwood, NC 28456

| | |
|---|---|
| Case Number:<br>08−00151−8−JRL | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>xxx−xx−6323 |
| Attorney for Debtor(s) (name and address):<br>Maria D. McIntyre<br>Financial Protection Law Center<br>PO Box 390<br>Wilmington, NC 28402<br>Telephone number: 910 442−1010 | Bankruptcy Trustee (name and address):<br>Robert R. Browning<br>PO Box 8248<br>Greenville, NC 27835<br>Telephone number: 252−758−6530 |

### Meeting of Creditors

Date: **February 15, 2008**                 Time: **01:30 PM**
Location: **USBA Creditors Meeting Room, Alton Lennon Federal Bldg., Room 125, 2 Princess Street, Wilmington, NC 28401**

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:

For all creditors (except a governmental unit): **5/15/08**     For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002 (c)(1)): **7/7/08**

Claims (with attachments proving security interest and perfection) must be filed with the court at the address shown below. Otherwise, your claim will be classified as unsecured. Secured claims should be filed at least two days before the meeting of creditors. *The date the debt was incurred must be included for all secured claims.*

### Creditor with a Foreign Address:

A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

### Deadline to File a Complaint to Determine Dischargeability of Certain Debts: 4/15/08

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Filing of Plan

A summary of the plan will be sent at a later date as part of the trustee's motion for confirmation. Creditors will be given a deadline to object to the motion. If an objection is filed, a hearing will be scheduled. The plan once confirmed by the court, determines the repayment of claims provided for in the plan. The value of the debtor's property securing each claim may be determined at the meeting of creditors.

### Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| | |
|---|---|
| **Address of the Bankruptcy Clerk's Office:**<br>1760−A Parkwood Blvd.<br>Wilson, NC 27893 Telephone number: 252−237−0248 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Peggy B. Deans |
| Hours Open: Monday − Friday 8:30 AM − 4:30 PM | Date: 1/9/08 |

EXHIBIT B

## EXPLANATIONS

B9I (Official Form 9I) (12/07)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. Courtroom decorum: The dignity of the court is to be respected and maintained at all times. Attire for counsel, parties, and spectators should be restrained and appropriate to the dignity of a federal court of the United States. SHORTS ARE NOT CONSIDERED APPROPRIATE COURT ATTIRE. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy court's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

### Refer to Other Side for Important Deadlines and Notices

RECORD SEARCH FEE = $26.00/NAME OR ITEM. COPY FEE = $.50 + SEARCH FEE.
Requests must be made in writing to the address listed on the front side, accompanied by a self-addressed, stamped envelope & cashier's check/money order for the correct amount payable to CLERK, U.S. BANKRUPTCY COURT. No telephone inquiries.
**VCIS Toll free–24 hour case information 1–888–513–9765 or 1–888–847–9138
**VCIS Local 24–hour case information 252–234–7655 (Wilson) or 919–856–4618 (Raleigh)
**Pacer Internet Address: http://pacer.nceb.uscourts.gov **Internet Web Page: http://www.nceb.uscourts.gov
YOU COULD HAVE RECEIVED THIS NOTICE AS AN INTERNET E–MAIL OR FAX. Visit www.EBNuscourts.com or call toll–free 1–877–837–3424.

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT Eastern District of North Carolina | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Robin Graham Andrews | Case Number: 08-00151 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

**Court Claim Number:**_____
*(If known)*

Filed on:_____

Telephone number:

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

**1. Amount of Claim as of Date Case Filed:**    $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
   (See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

    **3a. Debtor may have scheduled account as:** _____
      (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   **Nature of property or right of setoff:**  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   **Describe:**

   **Value of Property: $**_____    **Annual Interest Rate**___%

   **Amount of arrearage and other charges as of time case filed included in secured claim,**

   if any: $_____    **Basis for perfection:** _____

   **Amount of Secured Claim: $**_____    **Amount Unsecured: $**_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B10 (Official Form 10) (12/07) - Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

_____DEFINITIONS_____            _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)** Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, and all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

District/off: 0417-8          User: admin              Page 1 of 2              Date Rcvd: Jan 10, 2008
Case: 08-00151              Form ID: b9i              Total Served: 36

The following entities were served by first class mail on Jan 12, 2008.
```
db        +Robin Graham Andrews,   115 Munn Lane,   Riegelwood, NC 28456-8659
aty       +Maria D. McIntyre,   Financial Protection Law Center,   PO Box 390,   Wilmington, NC 28402-0390
2700361    Adam M. Gottsegen, Esq.,   SMITH DEBNAM,   Post Office Box 26268,   Raleigh, NC 27611-6268
2700362    Alltel,   ATTN:  Managing Officer/Agent,   One Allied Drive, Bldg. 4, 5th Floor,
            Little Rock, AR  72202-2099
2700363   +American Collection Systems,   ATTN:  Manging Officer/Agent,
            2500 Corporate Exchange Drive, Suite 150,   Columbus, OH 43231-7666
2700364   +Bank of America,   ATTN:  FLI-300-02-07,   Post Office Box 25118,   Tampa, FL 33633-0001
2700365   +Bank of America,   ATTN:  Managing Officer/Agent,   1929 Carolina Beach Road,
            Wilmington, NC 28401-6855
2700366   +Cardinal Finance Co.,   ATTN:  Managing Officer/Agent,   608 South Madison Street,
            Whiteville, NC 28472-4130
2700367   +Cavalry Portfolio Services, LLC,   ATTN:  Managing Officer/Agent,   7 Skyline Drive,
            Hawthorne, NY 10532-2158
2700368   +Certegy,   ATTN:  Managing Officer/Agent,   100 Second Ave. South, Suite 1100S,
            St. Petersburg, FL 33701-4338
2700369    Certegy,   ATTN:  Managing Officer/Agent,   Post Office Box 30046,   Tampa, FL  33630-3046
2700370   +Columbus County,   ATTN:  Managing Officer/Agent,   111 Washington Street,
            Whiteville, NC 28472-3324
2700371    Columbus County Tax Office,   ATTN:  Managing Officer/Agent,   Post Office Box 1468,
            Whiteville, NC  28472-1468
2700373   ++FORT SILL NATIONAL BANK,   P O BOX 33009,   FORT SILL OK 73503-0009
            (address filed with court: FSNB,   ATTN:  Managing Officer/Agent,   5226 Sigmon Road,
            Wilmington, NC  28403)
2700374   +FSNB Main Bank,   ATTN:  Managing Officer/Agent,   Post Office Box 33009,
            Ft Sill, OK 73503-0009
2700376   +Jeff Rogers, Esq.,   SMITH DEBNAM,   Post Office Box 26268,   Raleigh, NC 27611-6268
2700377   +Mid-Atlantic Finance,   ATTN:  Managing Officer/Agent,   15500 Lightwave Drive, Suite 201,
            Clearwater, FL 33760-3505
2700379   +National Auto Instant Credit,   ATTN:  Managing Officer/Agent,   5832 Market Street,
            Wilmington, NC 28405-3614
2700380   +National Credit Adj. / Interntl Fin SE,   ATTN:  Managing Officer/Agent,   327 West 4th Avenue,
            Hutchinson, KS 67501-4842
2700382   +North State Acceptance,   ATTN:  Managing Officer/Agent,   3501 Market Street,
            Wilmington, NC 28403-1323
2700383   +Paragon Way, Inc,   ATTN:  Managing Officer/Agent,   Post Office Box 42829,
            Austin, TX 78704-0044
2700384    Plains Commerce Bank,   ATTN:  Managing Officer/Agent,   Post Office Box 88020,
            Sioux Falls, SD  57109-8020
2700386   +Powell Bail Bonding,   ATTN:  Managing Officer/Agent,   244 Princess Street, Suite 17,
            Wilmington, NC 28401-3964
2700388    State of NC c/o Columbus County,   Clerkof Superior Court - Criminal Div.,   Post Office Box 1587,
            Whiteville, NC  28472-1587
2700389   +State of NC- Indigent Defense Services,   ATTN:  Collections,   123 West Main Street, Suite 400,
            Durham, NC 27701-3654
2700391   +Tribute MasterCard / First Bank of DE,   ATTN:  Managing Officer/Agent,   1000 Rocky Run Parkway,
            Wilmington, DE 19803-1455
2700392   +Universal Underwriters ACC,   ATTN:  Managing Officer/Agent,
            7045 College Blvd., 4th Floor Recovery,   Overland Park, KS 66211-1523
2700393   +Vanderbilt Mortgage and Finance, Inc.,   ATTN:  Managing Officer/Agent,   Post Office Box 9800,
            Maryville, TN 37802-9800
```

The following entities were served by electronic transmission on Jan 10, 2008.
```
tr        +Fax: 252-758-2614 Jan 10 2008 19:51:52      Robert R. Browning,   PO Box 8248,
            Greenville, NC 27835-8248
2700372    EDI: AMINFOPP.COM Jan 10 2008 15:58:00      First Premier Bank,   ATTN:  Managing Officer/Agent,
            Post Office Box 5519,   Sioux Falls, ND  57117-5519
2700375    EDI: IRS.COM Jan 10 2008 15:58:00   Internal Revenue Service,
            ATTN:  Insolvency Support Services,   320 Federal Place, Room 327,   Greensboro, NC  27401
2700378    EDI: MID8.COM Jan 10 2008 15:58:00   Midland Credit Management,   ATTN:  Managing Officer/Agent,
            5775 Roscoe Court,   San Diego, CA  92123-1356
2700381    EDI: NCDEPREV.COM Jan 10 2008 15:58:00   North Carolina Department of Revenue,
            Office Services Division, Bankrupt. Unit,   Post Office Box 1168,   Raleigh, NC  27602-1168
2700383   +EDI: CFSX.COM Jan 10 2008 15:58:00   Paragon Way, Inc,   ATTN:  Managing Officer/Agent,
            Post Office Box 42829,   Austin, TX 78704-0044
2700385   +EDI: PHINPLAZA.COM Jan 10 2008 15:58:00   Plaza Associates,   ATTN:  Managing Officer/Agent,
            370 Seventh Avenue, Suite 1500,   New York, NY 10001-3912
2700387    E-mail/Text: bankruptcydept@ncsecu.org                  State Employees Credit Union,
            ATTN:  Managing Officer/Agent,   3101 Wake Forest Road,   Raleigh, NC  27609-7845
2700390   +EDI: NCDEPREV.COM Jan 10 2008 15:58:00   State of North Carolina,
            Division of Community Corrections,   2020 Yonkers Road - MSC-4250,   Raleigh, NC 27699-0001
                                                                                        TOTAL: 9
```

***** BYPASSED RECIPIENTS *****

NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

District/off: 0417-8          User: admin              Page 2 of 2              Date Rcvd: Jan 10, 2008
Case: 08-00151               Form ID: b9i               Total Served: 36

***** BYPASSED RECIPIENTS (continued) *****

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 12, 2008                         Signature:     _Joseph Speetjens_

IN RE Andrews, Robin Graham                                    Case No. 08-00151-8-JRL
                    Debtor(s)                                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A B , a minor child, by John Doe, guardian " Do not disclose the child's name  See, 11 U S C  §112 and Fed R Bankr P 1007(m)  Do not include claims listed in Schedules D and E  If all creditors will not fit on this page, use the continuation sheet provided

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community "

If the claim is contingent, place an "X" in the column labeled "Contingent " If the claim is unliquidated, place an "X" in the column labeled "Unliquidated " If the claim is disputed, place an "X" in the column labeled "Disputed " (You may need to place an "X" in more than one of these three columns )

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule  Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above )* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF. SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Alltel<br>ATTN:  Managing Officer/Agent<br>One Allied Drive, Bldg. 4, 5th Floor<br>Little Rock, AR  72202-2099 | | | Debt for cell phone service from approx. Oct. 2005 | | | | 400.00 |
| ACCOUNT NO.<br><br>American Collection Systems<br>ATTN:  Manging Officer/Agent<br>2500 Corporate Exchange Drive, Suite 150<br>Columbus, OH  43231 | | | Creditor/debt unknown to Debtor; could be collection agent for Satellink Communications | | | X | 0.00 |
| ACCOUNT NO. ********2035<br><br>Bank of America<br>ATTN:  FLI-300-02-07<br>Post Office Box 25118<br>Tampa, FL  33633-0900 | | | Overdrafted checking account | | | | 395.90 |
| ACCOUNT NO.<br><br>Bank of America<br>ATTN: Managing Officer/Agent<br>1929 Carolina Beach Road<br>Wilmington, NC  28401 | | | Assignee or other notification for:<br>Bank of America | | | | |

_3_ continuation sheets attached

| | Subtotal (Total of this page) | $ | 795.90 |
|---|---|---|---|
| | Total (Use only on last page of the completed Schedule F  Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data ) | $ | |

© 1993-2007 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

EXHIBIT _E_

B6F (Official Form 6F) (12/07) - Cont.

IN RE Andrews, Robin Graham                                                      Case No. 08-00151-8-JRL
_____                                              _____
              Debtor(s)                                                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Cavalry Portfolio Services, LLC<br>ATTN: Managing Officer/Agent<br>7 Skyline Drive<br>Hawthorne, NY 10532 | | | Upon information and belief, Cavalry Portfolio is collect agent/assignee for Sprint | | | | 288.76 |
| ACCOUNT NO.<br>Certegy<br>ATTN: Managing Officer/Agent<br>100 Second Ave. South, Suite 1100S<br>St. Petersburg, FL 33701 | | | Creditor/debt unknown to debtor; May be collection agent of Kmart | | | X | 132.00 |
| ACCOUNT NO.<br>Certegy<br>ATTN: Managing Officer/Agent<br>Post Office Box 30046<br>Tampa, FL 33630-3046 | | | Assignee or other notification for:<br>Certegy | | | | |
| ACCOUNT NO. ****-****-****-1814<br>First Premier Bank<br>ATTN: Managing Officer/Agent<br>Post Office Box 5519<br>Sioux Falls, ND 57117-5519 | X | W | Mastercard opened by son, Nicholas Hall in approx. May 2007; Debtor may be a co-debtor on the account | | | | 481.74 |
| ACCOUNT NO. ****081<br>FSNB Main Bank<br>ATTN: Managing Officer/Agent<br>Post Office Box 33009<br>Ft Sill, OK 73503 | | | Overdraft of closed checking account | | | | 302.55 |
| ACCOUNT NO.<br>FSNB<br>ATTN: Managing Officer/Agent<br>5226 Sigmon Road<br>Wilmington, NC 28403 | | | Assignee or other notification for:<br>FSNB Main Bank | | | | |
| ACCOUNT NO.<br>Mid-Atlantic Finance<br>ATTN: Managing Officer/Agent<br>15500 Lightwave Drive, Suite 201<br>Clearwater, FL 33760 | | W | Purchase of used 1994 Saturn in approx. Feb. 2005; vehicle repossessed approx. Dec. 2005 | | | X | 2,952.00 |

Sheet no. ___1___ of ___3___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    $    4,157.05

Total
(Use only on last page of the completed Schedule F Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data )    $

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Andrews, Robin Graham          Case No. 08-00151-8-JRL

Debtor(s)                                        (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Midland Credit Management<br>ATTN: Managing Officer/Agent<br>5775 Roscoe Court<br>San Diego, CA 92123-1356 | | | Creditor/debt unknown to debtor | | | X | 713.00 |
| ACCOUNT NO.<br>National Auto Instant Credit<br>ATTN: Managing Officer/Agent<br>5832 Market Street<br>Wilmington, NC 28405 | | W | Purchased used Chrysler Concord with then boyfriend (now husband) Antonio Collins in approx. October 2005; debtor returned the car to creditor in approx. October 2005 | | | X | 4,566.00 |
| ACCOUNT NO.<br>National Credit Adj. / Interntl Fin SE<br>ATTN: Managing Officer/Agent<br>327 West 4th Avenue<br>Hutchinson, KS 67501 | | | Creditor/debt unknown to debtor | | | X | 1,291.00 |
| ACCOUNT NO.<br>North State Acceptance<br>ATTN: Managing Officer/Agent<br>3501 Market Street<br>Wilmington, NC 28403 | X | | Co-debtor for son Jermia Hall's purchased of used Chevy Tahoe; repossessed in approx. July 2005 | | | X | 541.00 |
| ACCOUNT NO.<br>Paragon Way, Inc<br>ATTN: Managing Officer/Agent<br>Post Office Box 42829<br>Austin, TX 78704-0048 | | | Debt/creditor/collection agent unknown to debtor; possible collection agent for QC Financial Services | | | X | 0.00 |
| ACCOUNT NO. ****-****-****-8148<br>Plains Commerce Bank<br>ATTN: Managing Officer/Agent<br>Post Office Box 88020<br>Sioux Falls, SD 57109-8020 | | | In approx. May 2007, former creditor American General sought collection of purported deficiency balance against debtor; American General offered settlement of balance and, upon information and belief, arranged for Plains Commerce to issue a revolving credit line to such payment; Debtor accepted offer and used credit line to pay AG's compromised debt. Debtor never used card again. | | | | 5,000.00 |
| ACCOUNT NO.<br>Plaza Associates<br>ATTN: Managing Officer/Agent<br>370 Seventh Avenue, Suite 1500<br>New York, NY 10001 | | | Creditor/debt unknown to Debtor; possibly collecting for DirecTV | | | X | unknown |

Sheet no. __2__ of __3__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $   12,111.00

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)    $

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE Andrews, Robin Graham           Case No. 08-00151-8-JRL

       Debtor(s)                                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>State of NC c/o Columbus County<br>Clerkof Superior Court - Criminal Div.<br>Post Office Box 1587<br>Whiteville, NC  28472-1587 | | | Restitution and costs for worthless check offense conviction 05 CR 50976 of 11-29-07, Columbus County District Court<br>Debtor prposes paying restitution through Chapter 13 plan | | | | 286.83 |
| ACCOUNT NO.<br><br>State of North Carolina<br>Division of Community Corrections<br>2020 Yonkers Road - MSC-4250<br>Raleigh, NC  27699-4250 | | | Monetary Conditions of Probation Judgments for restitution and fines on worthless check offenses:<br>07 CR 54068, New Hanover County District Court:  $198.66 total due at rate of $20 per month beginning 12-6-07<br><br>07 CR 52607, New Hanover County District Court; $209.22 restitution due beginning 12-6-07 at $55 per month until paid<br><br>Debtor proposes paying both judgments through her Chapter 13 plan | | | | 407.88 |
| ACCOUNT NO. ****-****-****-6576<br><br>Tribute MasterCard / First Bank of DE<br>ATTN:  Managing Officer/Agent<br>1000 Rocky Run Parkway<br>Wilmington, DE  19803 | | | Mastercard account | | | | unknown |
| ACCOUNT NO.<br><br>Universal Underwriters ACC<br>ATTN: Manging Officer/Agent<br>7045 College Blvd., 4th Floor Recovery<br>Overland Park, KS  66211 | X | | Co-Debtor son, Jermia Hall's purchase of used 1994 Firebird; car totalled and creditor claimed deficiency balance | | | X | 1,962.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. ___3___ of ___3___ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)   $   2,656.71

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)   $   19,720.66

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

FORM B10 (Official Form 10) (04/07)

| UNITED STATES BANKRUPTCY COURT **EASTERN DISTRICT OF NORTH CAROLINA AT WILSON** | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**ANDREWS, ROBIN** | Case Number: **08-00151**<br>Ch 13 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>**Roundup Funding, LLC**<br><br>Name and address where notices should be sent:<br>**Roundup Funding, LLC**<br>**MS 550**<br>**PO Box 91121**<br>**Seattle, WA 98111-9221**<br><br>Telephone number:  **(866) 670-2361** | [ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>[ ] Check box if you have never received any notices from the bankruptcy court in this case.<br><br>[X] Check box if the address differs from the address on the envelope sent to you by the court.<br><br>THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor:<br>**XXX6012** | Check here if this claim:<br>[ ] replaces<br>[ ] amends  a previously filed claim, dated: _____ |
|---|---|

| 1. Basis for Claim<br>[ ] Goods sold<br>[ ] Services performed<br>[X] Money loaned<br>[ ] Personal injury/wrongful death<br>[ ] Taxes<br>[ ] Other: | [ ] Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>[ ] Wages, salaries, and compensation (fill out below)<br>Last four digits of your SS#: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>(date)      (date) |
|---|---|

| 2. Date debt was incurred:<br>Charges made Prior to Filing. | 3. If court judgment, date obtained: |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

| Unsecured Nonpriority Claim $1,405.11 | Secured Claim |
|---|---|
| [X]  Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | [ ]  Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>[ ] Real Estate  [ ] Motor Vehicle  [ ] Other _____<br><br>Value of Collateral: $_____ |
| **Unsecured Priority Claim**<br><br>[ ] Check this box if you have an unsecured claim, all or part of which is entitled to priority.<br><br>Amount entitled to priority $_____ | Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____ |

| Specify the priority of the claim: | |
|---|---|
| [ ] Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B)<br><br>[ ] Wages, salaries, or commissions (up to $10,950), * earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br><br>[ ] Contributions to an employee benefit plan - 11 U.S.C. § 507 (a)(5). | [ ] Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br><br>[ ] Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a) (8).<br><br>[ ] Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| 5.  Total Amount of Claim at Time Case Filed: | $ 1,405.11 | $0.00 | $0.00 | $1,405.11 |
|---|---|---|---|---|
| | (unsecured) | (secured) | (priority) | (Total) |

[ ] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 6.  **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| 7.  **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. | |
| 8.  **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date<br><br>**1/31/2008** | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>/s/<br>STEVEN G. KANE<br>Authorized Agent for  Roundup Funding, LLC<br>E-MAIL: BLINE.CHAPTER13@BLINELLC.COM |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*





EXHIBIT ___ B ___

## ACCOUNT INFORMATION

| | |
|---|---|
| Debtor Name: | ANDREWS, ROBIN |
| Debtor SSN: | XXX-XX-6323 |
| Account Number: | XXX6012 |
| Creditor Name: | Roundup Funding, LLC |
| Related Account Number: | XXXXXXXXXXXX2062 |
| Assignor: | National Credit Adjusters |
| Original Creditor: | HSBC |
| Open Date: | 09/02/2002 |
| Charge Off Date: | 04/30/2003 |
| Balance as of Filing: | $1,405.11 |
| Basis for Claim: | Money Loaned |

## CASE INFORMATION

| | |
|---|---|
| Case Number: | 08-00151 |
| Current Chapter: | 13 |
| Court District: | EASTERN DISTRICT OF NORTH CAROLINA |
| Court City: | WILSON |
| Trustee: | ROBERT R BROWNING |
| Counsel for Debtor(s): | MARIA D MCINTYRE |
| Counsel Address: | PO BOX 390 |
| | WILMINGTON, NC 28402-0390 |

This claim is based on an unsecured account acquired from Assignor. Pursuant to Instruction 7, above is a redacted version of the information contained in the computer files documenting the account.

This information substantially conforms to 11 U.S.C. § 501, Federal Bankruptcy Rule 3001 and the Instructions to Form B10. *See, e.g., In re Moreno,* 34 B.R. 813 (Bankr. S.D. Fla. 2006); *In re Cluff,* 2006 WL 2820005 (Bankr. Utah 2006); *In re Heath,* 331 B.R. 424 (9th Cir. B.A.P. 2005); *In re Dove-Nation,* 318 B.R. 147 (8th Cir. B.A.P. 2004); *In re Guidry,* 321 B.R. 712 (Bankr. N.D. Ill. 2005); *In re Burkett,* 329 B.R. 820 (Bankr. N.D. Ohio 2005); *In re Lapsansky,* 2006 WL 3859243 (Bankr. E.D. Pa. 2006); *In re Irons,* 343 B.R. 32 (Bankr. N.D. NY 2006).



Westlaw.

PEOPLE FINDER HISTORIC TRACKER RECORD

| | |
|---|---|
| **Information Current Through:** | 06-30-2008 |
| **Database Last Updated:** | 07-08-2008 |
| **Update Frequency:** | MONTHLY |
| **Current Date:** | 08/07/2008 |
| **Source:** | TRANS UNION |

**INDIVIDUAL INFORMATION**

| | |
|---|---|
| **Name:** | ROBIN YVETTE ANDREWS |
| **Also Known As:** | ANDREWS, ROBIN |
| **SSN:** | ▉▉▉▉▉▉ |
| **Estimated Date of Birth:** | ▉/1960 |
| **On File Since:** | 05/01/1989 |
| **Phone Number 1:** | 9▉▉-▉▉▉-▉▉42 |
| **Phone Number 2:** | 9▉▉-▉▉▉-▉▉42 |

**CURRENT ADDRESS INFORMATION**

| | |
|---|---|
| **Current Address:** | 115 MUNN LN |
| | RIEGELWOOD, NC 28456-8659 |
| **Address Last Reported:** | 02/25/2004 |

**PREVIOUS OR ADDITIONAL ADDRESS INFORMATION**

| | |
|---|---|
| **Previous Address:** | 824 S 19TH ST |
| | NEWARK, NJ 07108-1110 |
| **Address Last Reported:** | 02/01/1993 |
| **Previous Address:** | PO BOX 613 |
| | RIEGELWOOD, NC 28456-0613 |
| **Address Last Reported:** | 10/01/1993 |

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT E

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:

KEITH ROLAND PARISEAU
THERESA LYNNETTE PARISEAU,

                    Case No.: 08-1606

              Debtors.

_____/

KEITH ROLAND PARISEAU
THERESA LYNNETTE PARISEAU,

              Plaintiffs,

                    Adversary No.: 08-ap-00142

v.

ASSET ACCEPTANCE, LLC,

              Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This Proceeding is before the Court upon Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, which is based upon alleged violations of the Federal Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, and the Florida Deceptive and Unfair Trade Practices Act. In response to Defendant's Motion to Dismiss, Plaintiffs filed a response in opposition to the Motion, to which Defendant filed a reply. Based upon a review of the pleadings and applicable law, the Court finds it appropriate to grant Defendant's Motion to Dismiss.

**Background**

On March 25, 2008, Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Abuse Prevention and Consumer Protection Act. On April 15, 2008, Defendant filed three proofs of claim in Plaintiffs' Chapter 13 case. The proofs of claim

Exhibit F

1

were for unsecured debt in the amount of $1,430.54.  On May 21, 2008, Plaintiffs filed

the instant adversary proceeding based upon alleged violations of the Federal

Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection

Practices Act ("FCCPA"), and the Florida Deceptive and Unfair Trade Practices Act

("FDUTPA").  In response to the complaint, Defendant offered to withdraw the claims at

issue.  Plaintiffs choose not to accept Defendant's offer to withdraw the claims, and

instead filed an Amended Complaint, which is the subject of the instant Motion.

**Analysis**

The Supreme Court has held that despite the protections afforded to

consumers pursuant to consumer protection legislation a debtor's remedy for protection

remains under the Bankruptcy Code.  Kokoszka v. Belford, 417 U.S. 642, 651 (1974)(in

addressing the applicability of the Consumer Credit Protection Act, of which the FDCPA

is a part, the Supreme Court stated, "the Consumer Credit Protection Act sought to

prevent consumers from entering bankruptcy in the first place. However, if despite its

protection, bankruptcy did occur, the debtor's protection and remedy remained under the

Bankruptcy Act"); see also In re Varona, 2008 WL 2150109 at *10 (Bankr. E.D. Va. May

22, 2008) (stating that, "it appears that a majority of courts that have considered whether

a proof of claim may be the subject of a FDCPA violation have concluded the FDCPA is

not intended to provide a remedy for claims filed in a bankruptcy proceeding"); In re

Walker, 336 B.R. 534 (Bankr. M.D. Fla. 2005)(stating that the Consumer Credit

Protection Act is preempted by the Bankruptcy Code); In re Cooper, 253 B.R. 286, 291

(Bankr. N.D. Fla. 2000)(holding "the filing of the proof of claim in a bankruptcy

proceeding does not trigger the FDCPA, and fails to state a cause of action under that

Act"); Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C., Case No.
98-C-4280, 1999 WL 284788, at *4 (N.D. Ill. Apr. 26, 1999)( "a key function of the
FDCPA provisions of the Consumer Credit Protection Act was to eliminate practices that
"contribute to the number of personal bankruptcies." Neither set of provisions
demonstrates even the slightest intent on the part of Congress to interfere with the
intricate workings of the bankruptcy system."). In addition to stating that the bankruptcy
system would be undermined by allowing debtors to proceed under the FDCPA, the court
in Baldwin also stated that, "application of the FDCPA to bankruptcy proofs of claim
would be inconsistent with prior bankruptcy practice and inappropriate pursuant to the
clear statement rule." Baldwin at * 4.

   The Court also notes that although other courts have applied the FDCPA
in bankruptcy cases, they have done so only in the very *narrow* context of situations
involving the automatic stay or dischargeability. For instance, the Seventh Circuit held
that the FDCPA applied when a creditor sent a post-petition collection notice in an
attempt to collect a debt that had been discharged by the former Chapter 13 debtor's case.
Hyman v. Tate, 362 F.3d 965 (7th Cir. 2004), see also Randolph v. IMBS, Inc., 368 F.3d
726 (7th Cir. 2004)(applying the FDCPA to a violation of the automatic stay). However,
the instant proceeding does not deal with the applicability of the FDCPA to violations
involving the automatic stay or dischargeability. Accordingly, the Court does not find
the case law submitted by Plaintiffs to be persuasive, especially in light of the numerous
decisions which hold that FDCPA claims that arise from the filing of a proof of claim

during the pendency of a bankruptcy proceeding are precluded by the available remedies

Congress enumerated in Title 11 of the United States Code.[1]

In regards to Plaintiffs' ability to successfully bring claims pursuant to the

FCCPA and FDUPTA, the case law is equally as clear. As the Supreme Court has

stated,"[o]nce an area of state law has been completely pre-empted, any claim

purportedly based on that pre-empted state law is considered, from its inception, a federal

claim, and therefore arises under federal law." Caterpillar, Inc. v. Williams, 482 U.S.

386, 393 (1987). The Supremacy Clause of the United States Constitution provides

Congress with the ability to preempt state law. Preemption is established when (i)

Congress explicitly states that state law is superceded, (ii) in the absence of explicit

statutory language, or (iii) when a conflict arises between the state and federal law.

English v. General Electric Co., 496 U.S. 72, 78-79 (1990). Defendant accurately asserts

that the vast majority of courts have held that the Bankruptcy Code preempts state law

claims allegedly arising from an abusive bankruptcy filing or other wrongful conduct

---

[1] The Court does not find the non-binding authority cited to in Plaintiffs' "Notice of
Supplemental Authority" to be persuasive. The court in Rogers v. B-Real, LLC, (In re Rogers),
Ch. 13 Case No. 07-11293, Adv. No. 08-1011(Bankr. M.D. La. July 21, 2008), relied upon the
decision issued in Randolph in denying a motion to dismiss as to FDCPA claims upon the basis
that it was not possible to conclude that the debtors could not prove facts entitling them to relief
under the FDCPA. As stated above, Randolph is distinguishable from the instant proceeding and
accordingly the Court respectfully disagrees with the Rogers court's reliance upon Randolph in
reaching its holding. Additionally, the Court finds the remaining non-binding authority cited to
by Plaintiff to be distinguishable from specific factual circumstances involved in the instant
proceeding. For example, the case of Kimber v. Federal Financial Corporation, 668 F.Supp.
1480 (M.D. Ala. 1987), was not a bankruptcy case and dealt with a small claims court law suit,
not a proof of claim. The unpublished opinion of Chaussee v. B-Real, LLC, 2008 Lexis 1026
(Bankr. W.D. Was. March 25, 2008) is also distinguishable as it involved a creditor who filed a
proof of claim against the wrong debtor. In reaching its decision that the debtor's FDCPA claims
would not be precluded by the Bankruptcy Code, the court in Chaussee specifically focused on
the fact that a debtor-creditor relationship did not exist. The court reasoned that, "the bankruptcy
laws do not generally apply to third parties who have no relationship to the debtor or the debtor's
assets." Id. at *10.

committed during the course of a bankruptcy case.  MRS Exploration, Ltd. V. Meridian

Oil, Inc., 74 F.3d 910 (9th Cit. 1996), Gonzalez v. Parks, 830 F.2d 1033 (9th Cir. 1987),

Koffman v. Osteoimplant Tech, Inc.; 182 B.R. 115 (D. Md. 1995), Mason v. Smith, 140

N.H. 696, 672 A.2d 705 (N.H. 1996); Glannon v. Garrett & Assoc., Inc., 261 B.R. 259,

262 (Bankr. D. Kan. 2001).  For example, in MSR Exploration, the court held that the

Bankruptcy Code preempts malicious prosecution of a claim against creditors for

pursuing claims in a Chapter 11 case.  Id. at 914.  In reaching its decision, the Ninth

Circuit recognized that uniformity is essential in bankruptcy law and that Congress has

provided remedies to preclude misuse, including Bankruptcy Code §§105 and 303 and

Fed. R. Bankr. 9011.[2]  Id. at 914-15.  Based upon the doctrine of preemption, the Court

finds that Plainitffs' claims pursuant to the FCCPA and FDUPTA are subject to

dismissal.

   The Court also notes that this proceeding deals with a situation that should have

been handled in the main case, the manner in which objections to claims have historically

been dealt with.  However, instead of being treated as the routine matter it is, a formal

lawsuit was filed, which will likely cost the parties involved both resources and funds

significantly above and beyond what was needed in order to reach a resolution.  Although

this Court would not expect a non-bankruptcy practitioner to understand the

overwhelming significance of how the "floodgates of litigation" would be opened by

allowing this type of suit to proceed, it does expect those who practice before this Court

regularly to appreciate the significance.  One of the core fundamentals in bankruptcy is a

---

[2]  Case law in Florida also holds that an action taken in a bankruptcy proceeding cannot be the
basis for malicious prosecution or abuse of process claims.  Mullin v. Orthwein, 772 So. 2d 30
(Fla. 4th Dist. Ct. App. 2000).

creditor's right to file a proof of claim, which is presumed to be prima facie valid until an

objection is filed.[3]  It is an efficient process that gives all sides an opportunity to assert

their position.  Typically, the majority of objections to claims are either worked out

amongst the parties themselves, or if a hearing is necessary, the objection can usually be

resolved within 5-10 minutes of the Court's time.  Therefore, given the thousands of

cases filed annually, coupled with the high volume of claims filed in each case, it is

essential that practitioners appearing before this Court respect the claims process so that

significant judicial resources are not squandered on matters that can be so very easily

resolved.[4]

      It is also worth noting that in a recent unpublished opinion, that dealt with facts

virtually identical to those presented in the instant proceeding, Judge Paskay, echoed

similar sentiments when he eloquently stated:

> In conclusion … for the guidance of the Bar in the future.  This Court's view of
> the Amended Complaint filed by the Debtor is a paradigm or a so-called attempt
> of creative lawyering to make a mountain out of a molehill and to transform a
> simple claim resolution process into an extensive and expensive proceeding.  It is
> this Court's opinion, even filing an invalid proof of claim would be insufficient to
> form the basis for the claims attempted to be asserted under the FDCPA or the
> Florida equivalents, the FCCPA and FDUPTA, in light of existing authority.  To
> accept the proposition that the statutes created an alternative method to challenge
> a proof of claim in bankruptcy would open up the floodgate for unnecessary and
> expensive litigation, replacing the simple procedure for dealing with an objection
> to the allowance of a claim.  This cause of action would be totally contrary to the
> entire scheme established by Congress to deal with creditor and debtor
> relationships.  Williams v. Asset Acceptance (*In re Williams*), Ch. 13 Case No.
> 07-10393, Adv. No. 08-30 (M.D. Fla. May 20, 2008).

---

[3]  The Defendant did not do anything atypical or improper by merely *filing* its proof of claim and
to find otherwise would chill creditor's rights in the bankruptcy process, as well as undermine the
very mechanisms that are set forth by the Bankruptcy Code to deal with such issues.

[4]  In the instant proceeding, as Plaintiff offered to withdraw the claims in dispute, there was no
need at all for court intervention.

Based upon the above, it is

ORDERED:

1.   Defendant's Motion to Dismiss Plaintiffs' Amended Complaint is

Granted.

2.   The Adversary Proceeding is dismissed with prejudice.

Dated this __24__ day of July, 2008 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copies to:
Plaintiffs
Defendant

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:

CONSTANCE G. WILLIAMS,

Case No. 9:07-bk-10393-ALP
Chapter 13 Case

_____Debtor._____/

CONSTANCE G. WILLIAMS,

Plaintiff,

v.

Adv. Proc. No. 9:08-ap-00030-ALP

ASSET ACCEPTANCE, LLC,

_____Defendant._____/

## ORDER GRANTING ASSET ACCEPTANCE, LLC'S MOTION TO DISMISS DEBTOR'S AMENDED COMPLAINT
(Doc. No. 6)

Consumer debtors' attempts to turn a simple claim resolution into a multiple-count adversary proceeding has been considered in the past by several courts and is precisely the issue currently being presented to this Court.

The matter under consideration in this Chapter 13 case of Constance G. Williams (the Debtor) is a Motion to Dismiss Debtor's Amended Complaint filed by Asset Acceptance, LLC (Asset) on March 24, 2008 (Doc. No. 6).

The facts relevant to the resolution of the issues raised by Asset in its Motion to Dismiss are a matter of record, are without dispute and can be summarized as follows:

The Debtor filed her Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code on October 31, 2007. On November 27, 2007, Asset filed its Proof of Claim for an unsecured claim in the amount of $224.27. Rather than file an objection to Asset's claim, which is the proper way to challenge the allowance of a claim, the Debtor filed her Complaint in the above-captioned adversary proceeding on January 21, 2008, asserting that Asset's claim was time-barred under Florida law. The Debtor asserts that the statute of limitations for bringing such a claim for breach of a written instrument expires five years after the breach. The Debtor in her Complaint is seeking damages from Asset for a purportedly willful violation of the automatic stay. It should be noted at the outset that the claim in Count I is basically an objection to claim in the amount of $224.27. Needless to say, the objection could have been resolved without the necessity of a formal law suit being filed, taking into consideration the very unimpressive size of the amount of the claim filed by Asset, coupled with the reduced judicial labor needed to resolve an objection to claim.

Upon receipt of the Complaint, Asset forwarded case law to the Debtor to show that the claims were without merit and requested that the Debtor dismiss the Complaint in compliance of Fed. R. Bankr. P. 9011. Furthermore, Asset offered to withdraw its Proof of Claim to prevent the Debtor from incurring further legal fees. The Debtor rejected Asset's offer and filed her Amended Complaint (Doc. No. 5) (Amended Complaint) on March 3, 2008. Based on the same, Asset filed its Motion to Dismiss contending that the Debtor is attempting to make a mountain out of a molehill while failing to state a claim upon which relief can be granted. Asset argues that the claims arising under the Fair Debt Collection Practices Act (FDCPA) are precluded by the Bankruptcy Code, and the state law claims are pre-empted by the Code.

As noted above, the Debtor in her original Complaint objected to Asset's Proof of Claim, alleging that the claim was time-barred and the filing of such claim violated Fed. R. Bankr. P. 3001 and is, therefore, a violation of the automatic stay. The Debtor has since abandoned these claims and raises four new counts in her Amended Complaint.

In Count I of the Amended Complaint, the Debtor charged a violation of the FDCPA. In support of her claim, the Debtor alleges that Asset's filing of the Claim constitutes an attempt to collect a debt not permitted by law in violation of 15 U.S.C. § 1692(f)(1). Based on the foregoing facts, the Debtor is seeking

3

an award of actual and/or statutory damages and legal fees pursuant to 11 U.S.C. § 1692(k).

The claim in Count II of the Amended Complaint asserts that the acts of Asset resulted in harassment, oppression, or abuse of the Debtor in connection with the collection of a debt in violation of 15 U.S.C. § 1692(d).  The Debtor asserts that as a result of Asset's actions, the Debtor has suffered monetary loss, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.  The Debtor claims that she continues to be fearful, anxious, nervous and depressed.  Based on the foregoing, the Debtor seeks actual and statutory damages in the total sum of $1,000.00.  In addition to actual and statutory damages, the Debtor also claims that she is entitled to an award of legal fees.

The claim in Count III is based on the violation of the Florida Consumer Collection Practices Act (FCCPA).  The Debtor contends that Asset has engaged in illegal debt collection practices pursuant to the obligation between the parties as defined in Fla. Stat. § 559.55(1).  Furthermore, Asset has engaged in consumer collection conduct that violates Fla. Stat. § 559.72(9), and based on the same, the Debtor has sustained economic damages for which she is entitled to compensation pursuant to Fla. Stat. § 559.77.  In addition to the above, the Debtor seeks an award of actual or statutory damages plus attorney fees.

4

The Debtor's claim in Count IV alleges Asset's violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) pursuant to Fla. Stat. §§ 501.201, et. seq. In this Count, the Debtor alleges that Asset violated the Act by engaging in deceptive and unfair trade practices. Based on this, the Debtor claims that the wrongful conduct by Asset she has suffered is identical to the damages outlined in Count II of the Amended Complaint.

The interaction between the Bankruptcy Code and consumer protection legislation is involved in several different attempts by debtors to by-pass the remedies available under the Bankruptcy Code and assert claims for damages under consumer protection legislation passed by Congress.

In the matter of *Kokoszka v. Belford*, 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L. Ed. 2d 374 (1974), the Supreme Court held that despite the protection rendered to consumers under the FDCPA, the debtor's protection remedy remained under the Bankruptcy Code. Based on *Kokoszka*, several courts have held that claims brought pursuant to the FDCPA are precluded when such claims are based upon a post-petition violation that can be remedied under the Bankruptcy Code. *See Betty Jean McCarther-Morgan v. Asset Acceptance, LLC*, Adv. Case No. 07-90654-M13 (Bankr S.D. Ca. March 12, 2008); *Rice-Etherly v. Bank One (In re Rice-Etherly)*, 336 B.R. 308 (Bankr. E.D. Mich. 2006) (holding that the FDCPA did not apply to the proof of claim filed in the

5

bankruptcy case); *Degrosiellier v. Solomon & Solomon, P.C.*, No. 00-CV-1065, 2001 WL 1217181 at 4 (N.D. N.Y Sept. 27, 2001) (holding that the Bankruptcy Code precludes a claim brought pursuant to the FDCPA where such violation by a defendant can be remedied by the Bankruptcy Code); *Kaiser v. Braje & Nelson, LLP*, No. 3:04-CV-405 RM, 2006 WL 1285143 (N.D. Ind. May 5, 2005) (Holding FDCPA claims are pre-empted by the Bankruptcy Code remedies such as the filing of an objection to the claim).

In the case of *Cooper v. Litton Loan Servicing (In re Cooper)*, 253 B.R. 286, 291 (Bankr. N.D. Fla. 2000), the court held that "the filing of a proof of claim in a bankruptcy proceeding does not trigger the FDCPA, and fails to state a cause of action under the Act. *See Baldwin v. McCalla, et al.*, 1999 WL 284788 (N.D. Ill. 1999). The debtor can only attack a proof of claim in the bankruptcy court, and only by using remedies provided in the Bankruptcy Code."

This Court would not be candid in its analysis if it did not acknowledge other courts' applications of the FDCPA in bankruptcy cases. Other courts have considered whether the FDCPA should be applied with respect to the automatic stay or dischargeability. However, applying the FDCPA to issues involving the automatic stay or dischargeability is different than the issues surrounding the creditor's right to file a claim in a bankruptcy case. For example, in the case of

6

*Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d. 991 (7th Cir. 2003), the Seventh

Circuit applied the FDCPA when a debt collector sent a post-petition letter to

collect a debt discharged in bankruptcy from a former Chapter 13 debtor. The

Seventh Circuit again applied the FDCPA in the case of *Hyman v. Tate,* 362

F.3d 965 (7th Cir. 2004), which also involved a letter sent to a Chapter 13 debtor

by a collection agency; however, the court ultimately held that the collection

agency was protected by bona fide error defense under the FDCPA. In the case

of *Randolph v. IMBS, Inc.,* 368 F.3d 726 (7th Cir. 2004), the court applied the

FDCPA to a violation of the automatic stay, noting that Section 362 of the

Bankruptcy Code merely overlapped with the FDCPA and did not pre-empt it.

However, the facts of this case can be distinguished from cases involving

the applicability of the FDCPA to violations of the automatic stay and

dischargeability issues. In the cases of *Turner, Hyman,* and *Randolph,* the

collection agencies sent letters that violated both the Bankruptcy Code and the

FDCPA. Here, Asset did not engage in any wrongful conduct by filing a proof

of claim. To hold otherwise would undermine the rights of creditors in the

bankruptcy process. The creditor's right to file a claim is not impacted by

whether the statute of limitations had run, as the debtor must raise the statute of

limitations issue as an affirmative defense, and even then the court still must

determine whether it has tolled and run. The debtor does not need the FDCPA

7

to protect itself from improper claims, as the Bankruptcy Code allows the debtor

to file an objection.  If this Court was to apply the FDCPA in this instance,

debtors would be encouraged to file adversary proceedings instead of simply an

objection to the creditor's claim, which is incredibly inefficient and undermines

the process provided by the Bankruptcy Code.

Based on the overwhelming authorities supporting Asset's contentions,

that FDCPA claims are precluded by the Bankruptcy Code, this Court is

satisfied that Asset's request for dismissal with respect to the claims asserted in

Counts I and II of the Amended Complaint is well taken and, therefore, should

be granted.

This leaves for consideration the Debtor's claim asserted in Count III of

the Amended Complaint that is based on the violation of the FCCPA.

Violations of the FCCPA have also been challenged and considered by several

courts. These court have concluded that under the Supremacy Clause of the

United States Constitution, the FCCPA is pre-empted by bankruptcy law.

Pursuant to Article VI, Clause 2, of the United States Constitution, the

Supremacy Clause provides Congress with the power to pre-empt state law.

Pre-emption is established when (i) Congress explicitly states that state law is

superseded, (ii) in the absence of an explicit statutory language, or (iii) when the

state law conflicts with that federal law. *English v. General Electric Co.*, 496

U.S. 72, 78-79 (1990).

This Court is satisfied that the overwhelming majority of courts who have

addressed the identical issue have held that the Bankruptcy Code pre-empts state

law claims arising from an abusive bankruptcy filing or other wrongful conduct

committed during the course of a bankruptcy case. *MSR Exploration, Ltd. v.*

*Meridian Oil, Inc.*, 74 F.3d 910 (9th Cir. 1996). The Ninth Circuit in *MSR*

*Exploration* held that the Bankruptcy Code pre-empts malicious prosecution of a

claim against creditors for pursuing claims in a Chapter 11 case. The Ninth

Circuit considered a number of factors which compelled the conclusion of the

court's decision, such as, Congress placed bankruptcy jurisdiction exclusively in

the Unites States District Court to be referred to as the Bankruptcy Court

pursuant to 28 U.S.C. 157(a) and 1334(a). Next, the complex and detailed

Bankruptcy Code demonstrated "the need to jealously guard the bankruptcy

process from even slight incursions and disruptions brought about by state

malicious prosecution actions." *Id.* at 914. Furthermore, the bankruptcy law

requires uniformity, and Congress provides various remedies designed to

preclude misuse, including Fed. R. Bankr. P. 9011 and Bankruptcy Code

Sections 105 and 303. *Id.* at 914-15.

Various other courts that have considered the identical problem have uniformly held that if there is a state law that arose in a bankruptcy filing, the Bankruptcy Code pre-empts state law claims. *Gonzalez v. Parks*, 830 F.2d 1033 (9th Cir. 1987), *Koffman v. Osteoimplant Tech, Inc.*, 182 B.R. 115 (D. Md. 1995), *Glannon v. Garrett & Assoc., Inc.*, 261 B.R. 259, 262 (Bankr. D. Kan. 2001) (holding that the Bankruptcy Code pre-empted state law claims based on (i) violation of Sections 303 and 362 on the Bankruptcy Code (ii) malicious prosecution of the bankruptcy case and the adversary proceeding (iii) abuse of process for the prosecution of the involuntary bankruptcy case and the adversary proceeding).

Florida case law also holds that no action taken in a bankruptcy proceeding can be the basis of a claim for malicious prosecution or abuse of the process. *Mullin v. Orthwein*, 772 So. 2d 30 (Fla. 4th Dist. Ct. App. 2000). The Fourth Circuit in the case of *Mullin* quoted the decision of the Superior Court of Pennsylvania in the case of *Shiner v. Moriarty*, 706 A.2d 1228, 1238 (Pa. Super. Ct. 1998). The *Shiner* court noted that "the Bankruptcy Code permits no state law remedies for abuse of its provisions" and the plaintiffs' claim "being based on the defendants' conduct in the bankruptcy proceeding is pre-empted by the Bankruptcy Code." *Mullin*, 772 So.2d at 33 (quoting *Shiner*, 706 A.2d at 1238). Based on the foregoing authorities, this Court is satisfied that Count III cannot

10

be sustained based on the reasons stated above and, therefore, the claim is equally subject to dismissal.

The claim in Count IV of the Amended Complaint seeks to recover damages based on Asset's Violation of the FDUTPA. This Count is being challenged by Asset on the basis that the Debtor failed to allege that Asset had actual knowledge or intent to enforce a debt that was time barred, which is an essential element of a claim under the Act and, therefore, fails to state a claim for which relief can be granted. To establish a claim pursuant to the FDUTPA, the claimant must allege that there was: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d. (M.D. Fla. 2007). Under Florida law, a deceptive practice is one that is "likely to mislead" consumers. *Davis v. Powertel, Inc.*, 776 So.2d 971, 974 (Fla. 1st Dist. Ct. App. 2000). The unfair practice is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So.2d 489,499 (Fla. 4th Dist. Ct. App. 2001) (quoting *Spiegel, Inc. v. Fed. Trade Comm'n*, 540 F2d 287, 293 (7th Cir. 1976)).

The claim in Count IV of the Amended Complaint fails to allege a single deceptive act or unfair practice that caused the Debtor to incur actual damages.

11

In Paragraph 46 of the Amended Complaint, the Debtor contends she suffered damages based on Asset's wrongful acts, and based on the same, has suffered mentally and emotionally. Furthermore, the Debtor contends that based on Asset's unfair and deceptive actions, she continues to suffer from fright, anguish, shock, nervousness, anxiety, humiliation and depression; therefore, she is entitled to statutory and actual damages.

The most ironic pleading and obscured contention is that the Debtor continues to be fearful, anxious, nervous, and depressed in light of the fact that Asset from the beginning offered to withdraw its Proof of Claim, which is the center point of the entire controversy. The FDUTPA was designed to "protect the consuming public and legitimate enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d. Dist. Ct. App. 2006). In the present instance, Asset filed its Proof of Claim in the above-captioned Chapter 13 case. Such a filing does not constitute trade or commerce and, therefore, would not constitute a violation of the FDUTPA. Based on the foregoing, this Court is satisfied that this claim is thereby subject to dismissal.

In conclusion, this Court cannot help but to make the following comments for the guidance of the Bar in the future. This Court's view of the Amended

12

Complaint filed by the Debtor is a paradigm or a so-called attempt of creative lawyering to make a mountain out of a molehill and to transform a simple claim resolution process into an extensive and expensive proceeding. It is this Court's opinion that such a proceeding is totally needless, specifically, when the litigation involves nothing more than an objection to the claim. In this Court's opinion, even filing an invalid proof of claim would be insufficient to form the basis for the claims attempted to be asserted under the FDCPA or the Florida equivalents, the FCCPA and FDUPTA, in light of existing authority. To accept the proposition that the statutes created an alternative method to challenge a proof of claim in bankruptcy would open the floodgate for unnecessary and expensive litigation, replacing the simple procedure for dealing with an objection to the allowance of a claim. This cause of action would be totally contrary to the entire scheme established by Congress to deal with creditor and debtor relationships. The Proof of Claim filed by Asset in the "gross" amount of $224.27 is a claim that could not have had any meaningful impact on the outcome of any Chapter 13 case, much less, a momentous significance to the Chapter 13 Plan of the Debtor. Based on the foregoing, this Court is satisfied that Asset Acceptance, LLC's Motion to Dismiss Debtor's Amended Complaint should be granted.

Accordingly, it is

13

ORDERED, ADJUDGED AND DECREED that Asset Acceptance,

LLC's Motion to Dismiss Debtor's Amended Complaint (Doc. No. 6) be, and

the same is hereby granted. It is further

ORDERED, ADJUDGED AND DECREED that the above-captioned

adversary proceeding be, and the same is hereby dismissed with prejudice.

DONE at Tampa, Florida, on _____ MAY 2 0 2008 _____.

ALEXANDER L. PASKAY
United States Bankruptcy Judge

14