UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:  
ROBIN GRAHAM ANDREWS

CASE NO.:  
08-00151-8-JRL

DEBTOR(S)

CHAPTER 13

DEBTOR'S REPLY BRIEF
IN SUPPORT OF DEBTOR'S OBJECTIONS TO CLAIMS OF
B-REAL, LLC (CLAIM NO. 5)
AND
ROUNDUP FUNDING, LLC (CLAIM NO. 7)

Debtor Robin Andrews respectfully submits this reply to *Roundup Funding, LLC's and B-Real, LLC's Supplemental Brief in Support of Opposition to Debtor's Objection to Claims Number Five (5) and Seven (7)* filed on August 22, 2008.

Show Cause

The creditors claim in their brief that they are confused about whether the debtor is seeking sanctions under Bankruptcy Rule 9011. *Creditors' Brief,* Introduction, ¶1. The debtor's Objections clearly set forth the relief sought:

> Debtor respectfully requests this Court issue a "show cause" order to [B-Real/Roundup] to determine whether its policies and procedures are comporting with its obligations under the Federal Rules of Bankruptcy Procedure in that, if [B-Real/Roundup] is filing proofs of claims that debtors may not owe, such practice calls into question the entire integrity of the claims filing system.
>
> That a "show cause" order be issued to determine whether [B-Real, LLC's/Roundup Funding, LLC's] procedures fulfill its obligations under Rule 3001 and Rule 9011 in filing proofs of claim in this district;

*Debtor's Objections* (B-Real: ¶15; prayer, ¶3); (Roundup: ¶11; prayer, ¶3).

In their responses and at the hearing, the creditors emphasized that the debtor had not served the "safe harbor" letter or the motion in accordance with Rule 9011. In the brief, debtor clarified that she was not seeking sanctions but that " . . . the similarities between theses (sp) claims and that in the *Wingerter* case support the debtor's request for a show cause order to B-Real and Roundup, respectively, to determine if their policies and procedures are in compliance with the Bankruptcy Rules." *Debtor's Brief,* p. 7. While the debtor cited *Wingerter* for the proposition that a court can sanction the practices of a debt buyer in filing claims in bankruptcy court, the debtor is asking this Court to undertake a review of the practices and procedures of B-Real and Roundup in filing claims in this District. It is premature for the debtor to move for sanctions against B-Real and Roundup before a thorough review of their pre-filing procedures has been undertaken.

Statute of Limitations

In their brief, B-Real and Roundup abruptly depart from the position they have long set forth in their filed responses[1] and in the statements of counsel at the hearing of this matter. They now contend in the brief that "there is no concession by either entity that the applicable statute of limitation has run on these particular debts." *Brief,* Introduction, ¶6, lines 10-11.

---

[1] Pursuant to N.C.G.S. § 1-52(1), the running of the statute of limitations merely bars enforcement collection, it does not extinguish the debt. Since the debt was not extinguished, [B-Real/Roundup] has in good faith complied with the claims filing system of 11 U.S.C. §§ 101(5), 501, 502 and FRBP 3001.

The plain language of 11. U.S.C. 502(a) allows a creditor to file a claim that is invalid on its face, but believed valid unless objected to by a party in interest. In re Varona, ___ B.R. ___, 2008 WL 2150109, 15 (Bkrtcy. E.D Va. 2008).

*Response and Amended Response of B-Real and Response of Roundup,* ¶¶ 6 & 7

2

The debtor argues that B-Real and Roundup are estopped from raising a new legal argument at this late juncture; however, the facts alleged by B-Real and Roundup for the first time in their brief actually undermine their new position. The creditors offer a Westlaw "People Finder Historic Tracker Record" (Exhibit E to their brief) in an effort to introduce confusion about where the debtor has lived in the last 15 years. B-Real and Roundup misstate the Westlaw record when they conclude that "[f]rom February 1993 until February 2004, Debtor either used the address or resided at "824 S. 19th Street, Newark, NJ 07108-1110." *Creditors' Brief,* Section VI, ¶4, lines 1-2. A proper reading of the record plainly discloses the debtor's former address, "PO Box 613, Riegelwood, NC 28456-0613" and that such address was last reported "10/01/1993." The purported debts at issue, as set forth by the creditors in their proofs of claim, were opened on 11/19/1997 (B-Real, Claim No. 5) and 09/02/2002 (Roundup, Claim No. 7), respectively.

The creditors' argument that N.C.G.S. § 1-21 tolls the statue of limitations for the period of time the debtor lived in New Jersey is inapplicable to these facts. Furthermore, there is no question that the North Carolina statute of limitation applies. North Carolina law is clear that the statute of limitation is a procedural device and the forum state's procedural law is what applies. *See Sayer v. Henderson,* 225 N.C. 642, 35 S.E.2d 875 (1945); *Eagle Nation, Inc. v. Market Force, Inc.,* 180 F.Supp.2d 752 (E.D.N.C. 2001).

Standing and Injury

The creditors state in their brief that the "[d]ebtor admits she does not have standing to object to the claim." *Brief,* Section III, ¶1, lines 4-5. The debtor has made no such admission and, further, the creditors' brief is replete with admonitions that it is the debtor's burden to object

to the claim. B-Real and Roundup cannot put the debtor in the futile position of having the burden, but not the standing, to object to these stale claims.

Fair Debt Collection Practices Act

The debtor is not, as the creditors contend in their brief, alleging that the Fair Debt Collection Practices Act ("FDCPA") applies to the objections to claim at issue in this case. Rather, the debtor sought to show in her brief that, with the proliferation of stale debt buyer claims in bankruptcy court, some courts in recent decisions have refused to dismiss the debtors' FDCPA claims alleged in response to the filing of time barred claims by debt buyers. The debtor discussed these cases to show that some courts have begun to distinguish the particular deficiencies of debt buyer claims from the different fact situations contemplated in the previous line of cases that held the FDCPA did not apply to the claims administration process. *See Chaussee v. B-Real, et al (In re Chaussee),* Adv. No. 07-01266, (W.D.Wa.) (March 26, 2008); *Rogers v. B-Real, L.L.C.,* ___ B.R. ___, 2008 WL 2810593 (Bkrptcy. M.D.La.) (July 21, 2008). Given that the debtor is not alleging a FDCPA claim in these objection actions, it is beyond the scope of the proceeding for B-Real and Roundup to seek a ruling from the Court that that FDCPA does not apply to a proof of claim filing. *Creditors' Brief,* Prayer, ¶3.

The Creditors' Misplaced Focus

The creditors' brief goes to great lengths to complain that they were not served with the debtor's Schedule F, which showed that the debtor disputed the debt for which Roundup seeks collection. The creditors' focus here is misplaced. Rather, the appropriate questions raised by the debtor's claims objections are what, if any, pre-filing investigation procedures B-Real and Roundup undertake to verify: 1) that the debt claimed is not time barred; and 2) that the debt

4

buyer has a documentary chain of title from the original creditor to the debt buyer for the particular debt on which it files a claim.

To be clear, the debt for which B-Real seeks collection (Claim No. 5) was not scheduled by the debtor. This is precisely the type of claim contemplated by *In re Wingerter,* 376 B.R. 221 (Bkrptcy. N.D.Ohio) (Oct. 1, 2007). The debtor did schedule, as disputed, a debt in the amount of $1,291.00 in the name of "National Credit Adj./Internatl Fin SE." Roundup, though to this date has not offered any supporting documentation, asserts that it is the assignee to National Credit Adjusters and that HSBC was the original creditor of this debt which was charged off on 04/30/2003, more than four years before the filing of the debtor's bankruptcy petition. Roundup claims that, because the debtor listed the debt as disputed on Schedule F, that such act somehow removes the bar of the statue of limitation or causes the statue to begin running anew under N.C.G.S. § 1-27. B-Real and Roundup simply conclude as follows:

> If a debtor schedules the debt as due and owing for a specific amount under penalty of perjury, NCGSA § 1-27 removes the bar of the statute of limitations and the statute begins to run anew. Since a creditor is not served with a copy of the schedule F, the creditor doesn't know if the debt is acknowledged to exempt the debt from the statute of limitations.

*Creditors' Brief,* Section VI, ¶5.

The debtor knows of no authority, and the creditors fail to cite any authority, in support of their contention that the debtor's act of scheduling the disputed debt that Roundup now claims, operates as a renewal of the statute of limitation.

Further, the debtor concludes it is a red herring for the creditors to argue that they would not know if a debt is exempt from the statute of limitations unless they were served with a copy of the debtor's Schedule F. B-Real admits that it filed its claim based upon *NCO Portfolio Management,*

5

*Inc.'s* notice of the debtor's bankruptcy case and upon *NCO's* representations to B-Real as to the particulars of the claim. *Creditors' Brief,* Facts and Procedures, ¶4. The Court did not serve NCO or B-Real with notice of the debtor's Chapter 13 case as the debtor had not listed B-Real, NCO or the alleged original creditor, Debt One on the creditor matrix. These facts make it clear that B-Real did not review or rely upon the debtor's petition or creditor matrix before filing its claim, but rather that it filed a claim solely upon the information provided to it by NCO.

It defies reason, then, for the debt buyers to maintain that their duty to inquire into the validity of a claim arises only when the debtor or Court serves the creditor with a schedule disputing the debt. The creditors claim in their brief:

> To satisfy due process, if a court sanctions a creditor for not reviewing the debtor's schedule prior to filing a claim, then the court must send copies of the entire petition with notice that if a claim is disputed full documentation must be attached to the proof of claim. This will unduly burden all bankruptcy courts.

*Creditors' Brief,* Section I, ¶4, lines 6-9.

To the contrary, debt buyers such as B-Real and Roundup are unduly burdening the Court by shifting the cost of pre-filing review from the debt buyer to debtors and trustees.

### Conclusion

The debtor respectfully asks the Court to issue a show cause order to review the practices and procedures of B-Real and Roundup to determine if they comply with the Bankruptcy Rules in their filing of claims in this District. The debtor does not, as the creditors claim in their brief, ask the Court to "legislate to change the Bankruptcy Code and Rules for debt buyers." *Brief,* Introduction, ¶7, lines 5-6. Rather, as the debt buying industry is a recent and evolving phenomenon, it is the debt buyers who are exploiting the rules by filing stale and deficient claims. The debtor submits that

6

under the existing framework in this District, where the only risk to the debt buyer is that its stale claim will be disallowed on an individual objection by objection basis, the debtors and trustees subsidize the debt buying industry and the claims administration process suffers.

This the 2nd day of September, 2008.

   FINANCIAL PROTECTION LAW CENTER

By:    /s/ Maria D. McIntyre
       Maria D. McIntyre
       P.O. Box 390, Wilmington, NC 28402
       Phone: (910) 442-1013 / Fax: (910) 442-1011
       *Attorneys for Debtor*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that she is over eighteen (18) years of age, and that the foregoing

**DEBTOR'S REPLY BRIEF
IN SUPPORT OF DEBTOR'S OBJECTIONS TO CLAIMS OF
B-REAL, LLC (CLAIM NO. 5)
AND
ROUNDUP FUNDING, LLC (CLAIM NO. 7)**

in the above captioned case was this day served upon the below named persons by mailing, postage prepaid, first class mail, of a copy of such instrument to such persons, parties and/or counsel at the address shown below:

Mr. Robert R. Browning
Chapter 13 Trustee
Post Office Box 8249
Greenville, NC 27835

Mr. Richard D. Sparkman
Post Office Box 1687
Angier, NC 27501
*Attorney for B-Real, LLC & Roundup Funding, LLC*

Mr. John C. Bircher, III
White & Allen, P.A.
Post Office Box 1555
New Bern, NC 28563
*Attorney for B-Real, LLC & Roundup Funding, LLC*

Mr. Aaron J. Nash
Hale, Dewey & Knight, PLLC
88 Union Avenue, Suite 700
Memphis, TN 38103

This the 2nd day of September, 2008.

FINANCIAL PROTECTION LAW CENTER

By:   /s/ Maria D. McIntyre
      Maria D. McIntyre
      P.O. Box 390, Wilmington, NC 28402
      Phone: (910) 442-1013
      *Attorneys for Debtor*